**Brenda FAISON, Plaintiff,**

v.

**Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.**

**No. 8:02–CV–2395–T–MAP.**

United States District Court,
M.D. Florida.
Tampa Division.

Jan. 29, 2004.

# 1331

Michael Alan Steinberg, Michael A. Steinberg & Associates, Tampa, FL, for Brenda Faison, plaintiff.

Susan R. Waldron, U.S. Attorney's Office, Middle District of Florida, Tampa, FL, Peter S. Krynski, Social Security Administration, Office of the General Counsel, Falls Church, VA, for Commissioner of Social Security, defendant.

## ORDER

PIZZO, United States Magistrate Judge.

Pursuant to 42 U.S.C. § 405(g), Plaintiff filed a complaint seeking review of an administrative decision denying her Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. The ALJ found Plaintiff's impairments severe but determined at step four of the sequential analysis that those impairments did not preclude her from performing her past relevant work as a file clerk. Plaintiff contends her work as a file clerk should not be considered past relevant work. I disagree and affirm Commissioner's decision.

### A. Standard of Review

The Social Security Administration, to regularize the adjudicative process, has established a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Thus, the Commissioner must determine in sequence the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the claimant's ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation process requires the ALJ to decide if the claimant is capable of performing other work in the national economy in view of his or her age, education and work experience. A claimant is entitled to benefits only if unable to

perform other work. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

■ Substantial evidence must support the ALJ's findings. 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 390–401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Even if the evidence presented weighs against the Commissioner's decision, it must be affirmed if supported by substantial evidence. *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). "Substantial evidence is more than a scintilla, but less than a preponderance." *Richardson,* 402 U.S. at 401, 91 S.Ct. 1420. "It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth,* 703 F.2d at 1233. If supported by substantial evidence, findings of the Commissioner are conclusive. 42 U.S.C. § 405(g).

### B. Background

Plaintiff, after car accidents in March 1995, January 1996, and February 1999, claims she is disabled due to chronic back and neck pain, headaches, anxiety, and depression. Although she has not engaged in any substantial gainful employment since her first accident, she successfully obtained a master's degree in business administration in May 1999. From the medical evidence, the ALJ found Plaintiff's impairments severe; nevertheless, he concluded after hearing the testimony of a vocational expert, she could perform her past work as a file clerk. Plaintiff disputes this finding. She claims she only worked as a file clerk for short periods—too short for the

ALJ to consider these jobs as "past relevant work."[1]

### C. Discussion

■ When the ALJ reviewed the Plaintiff's administrative record, the regulatory five-step sequential analysis required him to perform three basic tasks: look at the claimant's past, examine her present situation (from the date of the onset of her disability), and reasonably speculate about her present ability to work. At step one, the ALJ considered her current status. Was she working or had she tried to work after her disability onset date? If so, was that work of sufficient quality to be considered "substantial gainful activity"? *See* 20 C.F.R. §§ 404.1520(a), 404.1571, 404.1572, 416.920, 416.971, 416.972. At step four, the ALJ reasonably speculated about her *ability* to work now despite her severe impairments. *See* 20 C.F.R. § 404.1520(e) and (f), 416.920(e) and (f); *see also Kelley v. Apfel,* 185 F.3d 1211, 1214–1215 (11th Cir.1999). Could she do her past "relevant work"? *Id.*

The Plaintiff misconstrues this scheme. She applies the rules for step one when the real issue is whether the ALJ erred at step four. *See* SSR 84–25 (work effort of three months or less may not be gainful employment); *Sample v. Shalala,* 999 F.2d 1138, 1142 (7th Cir.1993) (past work is generally presumed to be an unsuccessful work attempt when a plaintiff is unable to perform work for less than three months and is forced to quit the work due to an impairment). In other words, she confuses the ALJ's analysis at step one (is she currently working?) with that for step four

---

1. Although Plaintiff alleged March 22, 1995, as her disability onset date, she testified she worked as a file clerk at GTE and Citicorp for three months in 1996. This account contrasted with the work history she outlined in her written statement. There, she noted she worked as a file clerk at Citicorp from June 1992 to August 1992 and GTE from October 1993 to December 1993, dates that preceded the onset of her claimed disability. The ALJ obviously credited her written version about her past work experience, and substantial evidence supports his decision.

(is she still *capable* of doing that work?). Admittedly, both steps require the ALJ to measure work. Yet, the ALJ uses a different perspective at each stage.

When the ALJ, at step four, evaluated the Plaintiff's past work experience to see what skills she had acquired and if she could perform them now despite her severe impairments, the regulations directed him to focus on the last fifteen years. 20 C.F.R. §§ 404.1565(a), 416.965(a). Not all work efforts necessarily counted in the ALJ's calculus. "On and off" work episodes generally did not apply because those stints presented meaningless vocational instruction. The Plaintiff could not have learned the requisite job skills during such brief assignments. *Id.*

This look, one that examines a claimant's past vocational skills and assesses her ability to use those skills considering her impairments, differs from the perspective the ALJ applies at the first step. At step one, the ALJ scrutinizes a claimant's work *after* the onset of a disability by evaluating its pace and duration. A "substantial" effort in this context is not limited to the time needed to learn the job. One can, with or without impairments, learn a job in days or weeks. Yet, the impaired claimant cannot physically perform the tasks demanded for a substantial work schedule. For these reasons, SSR 84–25 assigns a limiting period when reviewing work *after* the onset of disability. Step four's scheme, in contrast, offers no litmus test for measuring if a "brief" work experience is too brief to count. Instead, the ALJ only decides if the claimant had worked "long enough" at the job to learn its essentials.

Simply put, the real issue here is whether Plaintiff worked long enough as a file clerk to learn how to do it. In answering this question, the ALJ evaluated the skills the Plaintiff needed for the job against her vocational background and residual functional capacity—what she could do given her impairments, the physical and mental demands of the particular the task involved, and her current mental, physical, and exertional abilities. 20 C.F.R. §§ 404.1545, 404.1560(a), 404.1565(b), 416.945, 416.960(a), 416.965(b). Indeed, with her post-secondary degree, the regulations instructed the ALJ to deem the Plaintiff capable of doing semi-skilled through skilled work. 20 C.F.R. §§ 404.1564(b)(4), 416.964(b)(4). Based on this record, the ALJ correctly applied the regulatory scheme and substantial evidence supports his decision.

## C. Conclusion

Accordingly, it is

ORDERED:

1. The Plaintiff's complaint is DISMISSED and the Commissioner's decision AFFIRMED.

2. The Clerk is directed to enter judgment for the Commissioner and close the file.