Tina L. JOHNS, Plaintiff,

v.

Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.

No. CIV.A. 02–G–1294–S.

United States District Court,
N.D. Alabama,
Southern Division.

July 19, 2004.

Rochelle D. Hunt, Rogers Young Wollstein Jackson & Whittington LLC, Anniston, AL, for Tina L. Johns, plaintiff.

Alice H. Martin, U.S. Attorney, Edward Q. Ragland, U.S. Attorney's Office, Birmingham, AL, Mary Ann Sloan, Marilynn Kelm, Social Security Administration–Office of General Counsel, Atlanta, GA, for Jo Anne B Barnhart, Commissioner of Social Security Administration, defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

The plaintiff, Tina L. Johns, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Disability Insurance Benefits (DIB). Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

### STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). To that end this court "must scrutinize the record as a whole to determine if the

decision reached is reasonable and supported by substantial evidence." *Bloodsworth,* at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth,* at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months ...." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). For the purposes of establishing entitlement to disability benefits, "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R. § 404.1520(a)-(f). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala,* 998 F.2d 473, 477 (7th Cir.1993); *accord McDaniel v. Bowen,* 800 F.2d 1026, 1030 (11th Cir.1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope,* at 477; *accord Foote v. Chater,* 67 F.3d 1553, 1559 (11th Cir.1995).

In the instant case, the ALJ, Erwin Betts, determined the plaintiff met the first two tests, but concluded did not suffer from a listed impairment. The ALJ found the plaintiff was able to perform her past relevant work, and accordingly found her not disabled.

## THE STANDARD WHEN THE CLAIMANT TESTIFIES HE SUFFERS FROM PAIN OR OTHER SUBJECTIVE SYMPTOMS

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Foote,* at 1560.

The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote,* at 1560 (quoting *Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir.1991)). In this circuit medical evidence of pain itself, or of its intensity, is not required.

While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself.* Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself.* See 20 CFR §§ 404.1529 and 416.929; *Hale* at 1011.

*Elam v. Railroad Retirement Bd.,* 921 F.2d 1210, 1215 (11th Cir.1991)(parenthetical information omitted)(emphasis added). This same standard applies to testimony about other subjective symptoms. Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote,* at 1561. Therefore, if a claimant testifies he suffers from pain or other subjective symptoms at level that would prevent work and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.

When the Commissioner fails to credit a claimant's testimony about pain or other subjective symptoms, he must articulate reasons for that decision.

It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

*Hale v. Bowen,* 831 F.2d 1007, 1012 (11th Cir.1987). Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's testimony, or if his reasons are not supported by substantial evidence, the testimony of the plaintiff about his subjective symptoms must be accepted as true.

## DISCUSSION

In the present case the vocational expert (VE), testified that if the plaintiff's testimony about her subjective symptoms, including pain, were credited, she would be unable to work. [R 101–107] In addition, he testified that if the plaintiff suffered with the marked mental restrictions as found by Dr. Clarence McDanal, a psychiatrist to whom the plaintiff was referred by her attorney, she would be disabled.

Although Dr. McDanal does not qualify as a treating source under the Commissioner's regulations,[1] the ALJ is still required to consider his report. 20 C.F.R. § 416.927(d). Dr. McDanal's report was not contradicted by other competent medical evidence in the record and the ALJ's decision not to credit it is not supported by substantial evidence. Therefore, based upon that report and the VE's testimony, the plaintiff is disabled.

In addition to her mental impairments, which are disabling, the plaintiff's allegations of disabling pain were not properly discredited. A review of the medical records relating to the relevant time period

---

1. We will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your medical need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability. In such a case, we will consider the acceptable medical source to be a nontreating source.
20 C.F.R. § 416.902.

demonstrates that the plaintiff suffers from a condition or combination of conditions that could cause disabling pain. The ALJ found as fact that the plaintiff suffers from the following conditions:

• history of degenerative disc disease (with a history of radiating pain)

• rheumatoid arthritis

[R 15] A finding that these conditions could not cause disabling pain would not be supported by substantial evidence. Therefore, if the ALJ's articulation of reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence, she is disabled. A review of those reasons indicates that they are not supported by substantial evidence. Indeed, the Commissioner's own consultative physician, Dr. Gehi, diagnosed degenerative disc disease of L4–5 as seen on MRI and "[a]cute and chronic low back pain." [R 365] He also found a positive SLR on the right[2] and noted the presence of back pain with forward flexion. [R 364] Dr. Gehi also noted the plaintiff had refused a morphine pump or any medication that she could become addicted to. [R 364] The plaintiff's refusal of pain medication was one of the reasons cited by the ALJ for refusing to credit the plaintiff's testimony. However, the treatment note cited by the ALJ does not indicate what type of pain medication was offered and why the plaintiff refused it. The plaintiff was seen by Dr. Doleys, Ph.D., at the Pain and Rehabilitation Institute at Montclair. His treatment notes show the plaintiff complained of an intolerance to morphine and an allergic reaction to codeine and morphine. [R 281–282] It was further noted that the plaintiff had been on Flexeril, Lortab 5 and anti-inflammatories, but was unable to tolerate them. [R 282] The medical records do document the presence of significant gastro-intestinal disease and the ALJ found she suffers from irritable bowel syndrome. Therefore, the ALJ's heavy reliance upon the plaintiff's alleged refusal of pain medication to find her not credible was improper.

The ALJ's articulated reasons for refusing to credit the plaintiff's pain testimony, when taken as a whole, are not supported by substantial evidence. A reasonable fact finder would not rely upon the reasons articulated by the ALJ to support a finding that the plaintiff was not credible. Therefore, the plaintiff's pain testimony must be accepted as true, and the she is disabled based upon the testimony of the VE.

## CONCLUSION

The plaintiff is disabled due to her mental disease and due to her pain. This is a case where "the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir.1993). In such a case the action should be reversed and remanded with instructions that the plaintiff be awarded the benefits claimed. *Id.* An appropriate order remanding the action with instructions that the plaintiff be awarded the benefits claimed will be entered contemporaneously herewith.

## *FINAL ORDER*

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith, it is

ORDERED, ADJUDGED and DECREED that the decision of the Commis-

---

**2.** A positive SLR (Straight Leg Raise test) is recognized by the regulations as a clinically appropriate test for the presence of pain and limitation of motion of the spine. (*See* Listing 1.00(B), ¶ 5)

sioner of the Social Security Administration is hereby REVERSED, and the case is REMANDED to the Commissioner with instructions that the plaintiff be awarded the benefits claimed. It is

FURTHER ORDERED that the Commissioner withhold from payments that are determined to be due the plaintiff under this order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of 42 U.S.C. § 406(b). The Commissioner is directed to advise the court of the amount withheld so that the matter may be set for final determination of the amount of attorney's fee to be allowed plaintiff's counsel for services rendered in representing plaintiff in this cause.

It is further ORDERED pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby granted an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. *This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*