Debora A. BROOKS, Plaintiff,

v.

**Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.**

Civil Action No. 04–G–3481–W.

United States District Court,
N.D. Alabama,
Western Division.

April 28, 2006.

Darryl W. Hunt, Clark & James LLC, Birmingham, AL, for Plaintiff.

Lane H. Woodke, U.S. Attorney's Office, Birmingham, AL, Sherri G. James, Social Security Administration, Office of General Counsel, Atlanta, GA, for Defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

The plaintiff, Debora Brooks, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Disability Insurance Benefits (DIB). Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

### Standard of Review

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth,* at 1239. Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

### Statutory and Regulatory Framework

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled as that term is defined under the Social Security Act and the Regulations promulgated thereunder. The Regulations define *disabled* as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 20 CFR 404.1505(a). For the purposes of establishing entitlement to disability benefits, *physical or mental impairment* is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 20 CFR 404.1508.

In determining whether a claimant is disabled, the Regulations outline a five-step sequential process. 20 CFR 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala,* 998 F.2d 473, 477 (7th Cir. 1 993)(cites to former applicable CFR section); *accord, McDaniel v. Bowen,* 800 F.2d 1026, 1030 (11th Cir.1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope* at 477; *accord, Foote v. Chater,* 67 F.3d 1553, 1559 (11th Cir.1995). The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers. *Id.*

### Findings of the ALJ

In the instant case, ALJ Russell Lewis determined the plaintiff had not engaged in gainful activity since September 15, 2000, the alleged onset date of disability. He further found that she suffered from "an impairment or combination of impairments considered 'severe' based on the requirements in the Regulations 20 CFR §§ 404.1520(b) and 416.920(b)," but that the medically determinable impairments neither met nor equaled any of the Listings. He found Ms. Brooks' allegations regarding her limitations to be only partially credible. Thus, the plaintiff met the first two prongs of the test but not the third. The ALJ further found the plaintiff unable to perform her past relevant work and that she has no transferable skills. He further found that she has the residual functional capacity to perform a significant range of light work with limitations. He further found that a significant number of jobs exist in the national economy which the

plaintiff could perform. The ALJ thus found Ms. Brooks not to be disabled.

### Factual and Procedural Background

Ms. Brooks was forty-two years old at the time of the administrative hearing. She has a high school education plus one year of business college. R. 350. Her past relevant work experience was as an office manager, food service supervisor, and nursing home worker. She claimed disability because of reflex sympathetic dystrophy (RSD) and depression with an onset date of September 15, 2000. Benefits were denied by the Social Security Administration initially and upon reconsideration. On December 16, 2002, after an administrative hearing, ALJ Russell Lewis denied benefits as well. On October 21, 2004, the Appeals Council denied Ms. Brooks' request for review. The ALJ's decision thus became the Commissioner's final decision on that date.

### Findings and Holding of the Court

After reviewing the Record, the court finds that the ALJ's decision is not supported by substantial evidence. The major debilitating condition in this case is reflex sympathetic dystrophy (RSD), also known as Complex Regional Pain Syndrome Type I (CRPS). The pathogenesis of RSD is not entirely understood, and it is not a Listed Impairment under the Regulations. The Social Security Administration has recognized both of these facts and has issued a Ruling, SSR 03–2p, to explain its policies for developing and evaluating disability claims based on RSD. This Ruling was not issued at the time of the ALJ's decision, but it was issued a year before the Appeals Council action and was, therefore, available to the Council in its considerations. The Ruling recognizes RSD as a chronic pain syndrome that may progress beyond the limb or body area originally involved and which manifests in intense pain that is out of proportion to the precip-

itating injury. The Ruling also recognizes that the pattern of the symptoms may not be entirely consistent due the "transitory nature of the objective findings and the complicated diagnostic process involved." SSR 03–2p. The Ruling states: "Transient findings are characteristic of RSD/CRPS, and do not affect a finding that a medically determinable impairment is present." SSR 03–2p.

For this reason the medical opinion of treating physicians, particularly those with a longitudinal perspective, are accorded great deference and weight. The Ruling states:

> Medical opinions from treating sources about the nature and severity of an individual's impairment(s) are entitled to **deference** and **may be entitled to controlling weight. If** we find that a treating source's medical opinion on the issue of the nature and severity of an individual's impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, **the adjudicator** *will* **give it controlling weight.**

SSR 03–2p (emphasis added, citations omitted).

In the case at bar, the medical records come from the plaintiff's long-term treating primary physician, Dr. Charles Prickett, and her long-term pain specialist physician, Dr. Thomas Kraus. Both of these doctors had treated Ms. Brooks for the five years from the date of her injury until the date of her administrative hearing. Ms. Brooks suffered a dog bite to her left ankle in March 1997. According to the medical records, she has developed progressive reflex sympathetic dystrophy (RSD) as a result of that injury. The pain has spread up her left leg, right leg, and to both hands. In an effort to relieve her increasing pain, Ms. Brooks had numerous sympathetic blocks, an epidural catheter implant, and a spinal cord stimulator implant as well as various medications. The medical records show a history of intractable pain, and both Dr. Prickett and Dr. Kraus expressed opinions that Ms. Brooks could not tolerate the physical demands of working. R. 340, 341, 343.

The medical records show a consistent progression of RSD with some notes of partial, transient success in treatment or improvement in symptoms. As the Ruling recognized, such findings are characteristic of RSD and are not substantial evidence of cure or remission. The ALJ based his decision on these sporadic notes of temporary improvement and on two consultative exams. This reliance was error. The opinions of the treating physicians with their longitudinal perspective of Ms. Brooks' health should have been given controlling weight under the facts of this case.

The uncontradicted Medical Assessment Form (Mental) and Functional Assessment (Physical) completed by Dr. Prickett indicated a need for Ms. Brooks to rest three to four times a day for thirty to forty minutes at a time. R. 330–32. In his opinion, the ALJ simply noted in his fact summary of Dr. Prickett's report "a need to lie down during the day" and found that "[t]he evidence of record does not substantiate a medically determinable need to lie down or recline during the day...." R. 25, 27. When the ALJ posed a hypothetical to the vocational expert at the administrative hearing including the rest requirement, the vocational expert testified that all work would be precluded. R. 383. The opinion of her long-term treating physician is due great deference and weight. SSR 03–2p; 20 CFR § 404.1527d(2); *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986); *accord, Elam v. Railroad Retirement Bd.,* 921 F.2d 1210, 1216 (11th Cir. 1991). The ALJ failed to accord it proper weight.

 The ALJ further found that Ms. Brooks "has a psychological overlay to her perceived levels of discomfort." R. 27. The patient's disproportionate, but nevertheless real, perception of pain is the hallmark of this neurological syndrome. SSR 03-2p. This finding by the ALJ is not supported by substantial evidence and does not act to discredit the plaintiff's allegations of pain.

Accordingly, the decision of the Commissioner is reversed, and the case is remanded with instructions that the benefits sought be awarded. An order in conformity with this Memorandum Opinion will be entered.

DONE and ORDERED this day, April 27, 2006.

### FINAL ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith, the court hereby ORDERS, ADJUDGES, and DECREES that the decision of the Commissioner of the Social Security Administration is hereby REVERSED, and the case is REMANDED to the Commissioner with instructions that the plaintiff be awarded the benefits claimed.

The court FURTHER ORDERS that the Commissioner withhold from the payments that are determined to be due the plaintiff under this Order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of 42 U.S.C. § 406(b).

The court further ORDERS pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby granted an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of notice of award of benefits from the Social Security Administration.

*Plaintiff's attorney should note that this Order does NOT extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*

DONE and ORDERED this day, April 27, 2006.