Sherry COLE, o/b/o E.S.C., Plaintiff

v.

Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.

Civil Action No. 05–G–1303–NW.

United States District Court,
N.D. Alabama,
Northwestern Division.

June 28, 2006.

Robert J. Harris, Harris & South PC, Florence, AL, for Plaintiff.

Lane H. Woodke, U.S. Attorney's Office, Birmingham, AL, Sherri G. James, Social Security Administration–Office of General Counsel, Atlanta, GA, for Defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

The plaintiff, Sherry Cole on behalf of her son E.S.C., brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Supplemental Security Income (SSI).[1] For purposes of this opinion, the plaintiff referred to will be E.C., the child, rather

---

1. In general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits (DIB) or Supplemental Security Income (SSI). However, separate, parallel statutes and regulations exist for DIB and SSI claims. There- fore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

than his mother because the legal standards apply to him and his impairments. Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).[2]

### Standard of Review

 The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, at 1239. Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

### Statutory and Regulatory Framework

In order for a child (a person under 18) to qualify for disability benefits and establish his entitlement for a period of disability, he must be disabled as that term is defined under the Social Security Act and the Regulations promulgated thereunder. Under the Regulations in order for a child to be found disabled, he must "have a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months...." 20 CFR 416.906. A *physical or mental impairment* is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are de-

monstrable by medically acceptable clinical and laboratory diagnostic techniques." 20 CFR 404.1508.

The Regulations provide a three-step sequential determinative process for children rather than the five-step process used for adults. The ALJ must determine whether:

1) The child is engaged in substantial gainful activity.

2) The child has a medically determinable severe impairment or combination of impairments.

3) The impairment meets, or is medically equal to, or is functionally equal to an impairment included in the Listing of Impairments in Appendix 1 of Subpart P of the Regulations.

20 C.F.R. § 416.924(a)-(d). If the answer to the first question is no and to the remaining two is yes, then a finding of disability is required.

### Findings of the ALJ

In the instant case, ALJ Randall Stout determined the plaintiff had not engaged in gainful activity since the alleged onset date of disability. He further found that E.C. suffers from the severe impairments of asthma, allergies, and tight heel cords. Thus, the plaintiff met the first two prongs of the test, but the ALJ concluded the plaintiff did not suffer from a listed impairment nor from an impairment equivalent to a listed impairment. Thus, the ALJ found E.C. not to be disabled and denied him benefits.

### Factual and Procedural Background

E.C. was two years old at the time of the administrative hearing. He claimed disability because of asthma, allergies, and acid reflux with an onset date of April 25,

---

**2.** 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

2002 (DOB January 25, 2002). Benefits were denied by the Social Security Administration initially and upon reconsideration. On August 26, 2004, after an administrative hearing, ALJ Randall Stout denied benefits as well. The Appeals Council denied E.C.'s request for review on April 22, 2005. The ALJ's decision thus became the Commissioner's final decision on that date.

### Findings and Holding of the Court

■ The ALJ erred as a matter of law in failing to find that E.C.'s asthma met Listing 103.03B. His finding that E.C.'s asthma did not meet the Listing was not based on substantial evidence. Uncontroverted medical records establish that E.C. receives numerous prescription medications for his allergies and asthma, including nebulizer treatments. Despite these regularly used medications, E.C. has required frequent emergency interventions and hospital admissions. The records show seven episodes between May 19, 2003, and April 5, 2004. R. 304–14, 315–33, 324–31, 332–40, 341–47, 348–56, 358–68. To meet Listing 103.03B for asthma a claimant must have "[a]ttacks (as defined in 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least *six times a year.* Each in-patient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 months must be used to determine the frequency of attacks." E.C. met this standard.

■ Even had E.C. not met the listing for asthma, he would still qualify for benefits. Children who do not meet a medical listing may qualify for disability benefits if they have a severe impairment or combination of impairments that result in "limi-

tations that functionally equal the listings." 20 C.F.R. § 416.926a(a). If health professionals deem the child as having severe limitations in one domain [3] or marked limitations in two domains, then the child meets the standard for disability. According to uncontroverted evidence from treating physicians and other medical sources, E.C. meets this standard.

■ The ALJ erred in substituting his own judgment for that of health professionals in assessing E.C.'s domains of limitations. The ALJ "succumbed to the [forbidden] temptation to play doctor and make [his] own independent medical findings." *Rohan v. Chater,* 98 F.3d 966, 970 (7th Cir.1996). The ALJ made the wildly cavalier and totally unsubstantiated statement in his opinion that the diagnoses of cerebral palsy and mental retardation were incorrect. From that unsubstantiated premise, the ALJ continued along this logically flawed path finding that Dr. Mallette based his domain rating on these diagnoses and therefore Dr. Mallette's domain rating was incorrect. R. 25. The ALJ did not provide a shred of evidence from the Record for this statement. Dr. Mallette is one of E.C.'s treating physicians. The record shows that another treating physician, Dr. Das Kanuru, found E.C. to have mild cerebral palsy. R. 198. E.C.'s cerebral palsy was also noted by Dr. Christine Myers during his hospital stay after being treated in the emergency room for an asthma exacerbation. R. 360. E.C. received long term physical and occupational therapy at the United Cerebral Palsy of Northwest Alabama center. The ALJ found, again without citing to specific evidence, that E.C. was being treated to improve his motor skills at this facility but

---

**3.** A domain is a broad area of functioning. The six domains used in the Regulations are: (i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others;(iv) Moving about and manipulating objects; (v) Caring for yourself; and (vi) Health and physical well-being. 20 C.F.R. § 416.926a(b)(i)-(vi).

not for cerebral palsy—is that not one of the things cerebral palsy patients are usually hoping to improve by treatment at such facilities?

█ The ALJ likewise rejected occupational therapist Shirley Smith's assessment of marked limitation in three developmental domains. Her assessment was based on long-term therapy with E.C. In his opinion, the ALJ accused Ms. Smith of generating this report to accommodate E.C.'s disability claim. R. 25. A cursory glance at the report, even without its supporting documentation, quickly debunks this accusation. It is apparent on its face that more than one professional had input into this evaluation, and they declined to offer an assessment in any area where they felt they did not have adequate data. Further, the records from the United Cerebral Palsy facility contain testing results as well as narrative assessments from other health professionals at the facility. The ALJ states in his opinion that the diagnosis of mental retardation proved incorrect. R. 25. The Record is filled with references to developmental delay, and these delays are quantified by testing results and described in multiple therapy narratives. Again, the ALJ's opinion is not based on substantial evidence and flies in the face of the record. He has once more "succumbed to the [forbidden] temptation to play [health professional] and make [his] own independent medical findings." *Rohan v. Chater,* 98 F.3d 966, 970 (7th Cir. 1996). Occupational therapists are considered medical sources. 20 C.F.R. § 416.924(a).

█ A basic tenet of law in the area Social Security is that "[t]he testimony of a treating physician [or other treating medical source] must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11 th Cir.1986); *accord, Elam v. Railroad Re-*

*tirement Bd.,* 921 F.2d 1210, 1216 (11 th Cir.1991). In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight...." *MacGregor,* 786 F.2d at 1053. If the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as true. *Id.; Elam,* 921 F.2d at 1216. The Commissioner's reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence. *See, MacGregor,* 786 F.2d at 1054; *see also, Hale v. Bowen,* 831 F.2d 1007, 1012 (11th Cir.1987). The ALJ in the case at bar rejected the treating sources' opinions without good cause. He did not properly refute them. As a matter of law, these opinions must be taken as true. *See, MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11 th Cir.1986).

Dr. Mallette's assessment of marked limitation in the health and physical well-being domain stands uncontroverted and must be taken as true. The occupational therapist's assessment of marked limitations in three developmental domains is uncontroverted and therefore must be taken as true as well.

Under 20 C.F.R. § 416.926a(a) marked functional limitation in two domains is sufficient to meet the standard for disability. The uncontroverted evidence in this case establishes that E.C. has marked limitations in four domains. Accordingly, he also meets the standard for disability benefits under the functional equivalence standard.

Plaintiff's briefs may be referred to for excellent discussions of the law on all issues raised in this case as well as examples of the specificity with which such cases should be argued.

The decision of the Commissioner is due to be reversed and the case remanded with

1244

instructions for the benefits sought to be awarded. A separate Order will be entered.

DONE and ORDERED.

### FINAL ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith, the court hereby OR-DERS, ADJUDGES, and DECREES that the decision of the Commissioner of the Social Security Administration is hereby REVERSED, and the case is REMAND-ED to the Commissioner with instructions that the plaintiff be awarded the benefits claimed.

The court FURTHER ORDERS that the Commissioner withhold from the payments that are determined to be due the plaintiff under this Order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of 42 U.S.C. § 406(b).

The court further ORDERS pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby granted an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of notice of award of benefits from the Social Security Administration.

*Plaintiff's attorney should note that this Order does NOT extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*

DONE and ORDERED.