Jack BLOODSWORTH,
Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services,
Defendant-Appellee.

No. 82–5071.

United States Court of Appeals,
Eleventh Circuit.

April 25, 1983.

1234

James F. McKenzie, Pensacola, Fla., for plaintiff-appellant.

Thomas R. Santurri, Asst. U.S. Atty., Pensacola, Fla., Elyse Sharfman, Atlanta, Ga., for defendant-appellee.

Before VANCE and ANDERSON, Circuit Judges, and JONES, Senior Circuit Judge.

VANCE, Circuit Judge:

## PROCEDURAL HISTORY

This is an appeal of an affirmance of the Secretary of Health and Human Services' denial of a claim for disability benefits under the Social Security Act.

Claimant Bloodsworth filed applications for a period of disability, disability insurance benefits, and supplemental security income on June 1, 1979. The applications were denied initially, on reconsideration, and by an administrative law judge after a hearing. Claimant inadvertently missed the sixty day time limit for appeals to the Appeals Council, and a request for review by the Appeals Council filed approximately two weeks after the deadline was dismissed on the basis of untimeliness without good cause.

Claimant filed his complaint in the United States District Court for the Northern District of Florida, alleging that the denial of the extension of time to file was not supported by substantial evidence. The Secretary filed a motion to dismiss for lack of subject matter jurisdiction citing *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The district court found jurisdiction to review the denial of an extension of time under *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) and remanded the case to the Appeals Council. The Secretary has never appealed the district court's assumption of jurisdiction to review the Appeals Council's discretionary denial of the extension. On remand, the Appeals Council restated its position that Bloodsworth's request for review was untimely filed, but, in compliance with the court's order, considered the appeal on the merits and on the merits denied claimant's request for review. The district court affirmed the Appeals Council decision and Bloodsworth now appeals on the grounds that the decision to deny benefits is not supported by substantial evidence.

## FACTS

Jack Bloodsworth, a minimally literate man in his mid-fifties with a fourth grade education, was retired in 1975 on a permanent total disability from his occupation as a drawbridge tender for the State of Florida. This work requires operating the bridge controls with hands and feet and

four hours of standing and four hours of sitting each day. Mr. Bloodsworth has also had previous gainful employment as a park attendant and as a welder.

Bloodsworth had surgery in 1962 and 1964 for lumbar disc disease and a herniated nucleus pulposus (ruptured disc). X-rays taken on December 31, 1978 and September 29, 1978 showed scoliosis of the spine. A lumbar myelogram of September 10, 1975 showed a laminectomy (disc surgery) defect, scoliosis and narrowing of L5–S1 in the lumbar spine.

All examining physicians agreed as to the presence of degenerative osteoarthritis and marked limitation of motion accompanied by severe pain. Bloodsworth's treating physicians also found the presence of degenerative lumbar disc disease.

Appellant has constant back pain which keeps him awake at night and forces him to lie down three or four times daily, for from twenty minutes to an hour. He uses a hot pad for his right shoulder, and, at the time of the hearing, was having difficulty using his right hand.

## THE JURISDICTIONAL QUESTION

The Secretary of Health and Human Services argues that the district court lacked subject matter jurisdiction under sections 205(g) and (h) of the Social Security Act, 42 U.S.C. § 405(g) and (h). Section 405(g) states that appeal to the federal district court is available as follows:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

Section 405(h) prohibits federal court review of administrative decisions except as provided in section 405(g).

The Secretary does not squarely confront the correctness of the district court's original determination resulting in the remand to the Appeals Council for consideration of the merits of Bloodsworth's claim. Rather, the Secretary argues that appellant failed to meet the "final decision" and "made after a hearing" requirements. He contends that (1) dismissal of a request for review on the basis of untimeliness without "good cause" is not a "final decision" because it does not constitute a determination on the merits, and (2) it is not "made after a hearing" because no hearing is granted solely and specifically on the request for review itself.

This position is directly contradictory to our holding in *Langford v. Flemming*, 276 F.2d 215 (5th Cir.1960). In *Langford* we held that the

administrative decision declining to extend time and review the merits ... certainly is "final"

*id.* at 218, and allowed review of an Appeals Council decision to dismiss for untimeliness without good cause. The Secretary contends, however, that *Langford* is implicitly overruled, or at least "diluted," by the Supreme Court holding in *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The Secretary also cites *Sheehan v. Secretary of Health, Education and Welfare,* 593 F.2d 323 (8th Cir.1979), and *Watters v. Harris,* 656 F.2d 234 (7th Cir.1980), as persuasive authority. The *Sanders* Court held that 42 U.S.C. § 405(g) could not be construed to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits. The Court reasoned that requests to reopen were not covered by section 405(g) because such requests could be denied without hearing. The question of the propriety of federal court review following an Appeals Council decision not to entertain an untimely review request was not considered in *Sanders*.

Nevertheless, the Secretary urges us to apply the reasoning of *Sanders,* contending appeal to the federal district court of refusals to renew requests for untimeliness without good cause similarly frustrates the legislative interest in the finality of administrative decisions. The Secretary's argu-

ment is premised upon the statement in *Sanders* that:

> [A]n interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits.

*Id.* 430 U.S. at 108, 97 S.Ct. at 986.

The Secretary argues that appeals from denials of requests for review and appeals from denials of requests to reopen are equivalent procedural vehicles which may be used to circumvent the time limitations for judicial review.

The difficulty with the Secretary's position is that review and reopening play fundamentally different roles in the process of administrative decision making and have significantly different effects upon the finality of administrative decisions. The first review by the Appeals Council is a normal stage in the administrative review procedure, available as of right to any party dissatisfied with the hearing decision or the dismissal of a hearing request. 20 C.F.R. § 404.967 (1982).[1] The dismissal of a request for Appeals Council review is binding and not subject to further administrative review. 20 C.F.R. § 404.981 (1982). The Appeals Council decision, whether it is a determination on the merits or a denial of request to review, is binding and final and appeal therefrom is available to any party as a matter of statutory right under section 405(g) and the accompanying administrative regulation. 20 C.F.R. § 404.981 states:

> The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is revised. You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action.

Neither the statute nor the regulations make any distinction in regard to rights of judicial appeal between dismissals and determinations on the merits by the Appeals Council. Both are equally final and both trigger a right to review by the district court. The Supreme Court appears to have recognized this in *Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975):

> [T]he finality required for judicial review is achieved only after the . . . steps of a hearing before an administrative law judge and, possibly, consideration by the Appeals Council.

By 20 C.F.R. §§ 404.972 [2] and 404.981, an Appeals Council review determination, on whatever grounds, is perceived as the appropriately "final decision" from which to take an appeal to the district court under section 405(g). As the Supreme Court emphasized in *Weinberger v. Salfi*, 422 U.S. at 766, 95 S.Ct. at 2467, "final decision" is *not* synonymous with complete exhaustion of administrative remedies. *See also Mathews v. Eldridge*, 424 U.S. 319, 328–30, 96 S.Ct. 893, 899–900, 47 L.Ed.2d 18 (1976). Rather, it is to be understood in conjunction with the regulatory structure promulgated in Title 20 of the C.F.R. and the underlying policies behind the requirement.

> [T]he doctrine of administrative exhaustion should be applied with a regard for the particular administrative scheme at issue. Exhaustion is generally required as a matter of preventing premature in-

---

1. 20 C.F.R. § 404.967 states:

   Appeals Council review—general.

   If you or any other party is dissatisfied with the hearing decision or with the dismissal of a hearing request, you may request that the Appeals Council review that action. The Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge. The

Appeals Council shall notify the parties at their last known address of the action it takes.

2. 20 C.F.R. § 404.972 states:

   Effect of dismissal of request for Appeals Council review.

   The dismissal of a request for Appeals Council review is binding and not subject to further review.

terference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review .... Once a benefit applicant has presented his or her claim at a sufficiently high level of review to satisfy the Secretary's administrative needs, further exhaustion would not merely be futile for the applicant, but would also be a commitment of administrative resources unsupported by any administrative or judicial interest.

*Weinberger v. Salfi,* 422 U.S. at 765, 95 S.Ct. at 2467 (citations omitted).

By contrast to Appeals Council review, reopening of a case is an extraordinary measure, affording the opportunity of a second excursion through the decision making process. While a case may be reopened during the first twelve months following the determination for any reason, thereafter it may be reopened only for the specific and substantial reasons catalogued in 20 C.F.R. §§ 404.988 and 404.989.[3] "Indeed, the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's regulations and not by the Social Security Act." *Califano v. Sanders,* 420 U.S. at 108, 97 S.Ct. at 986. Because the

reopening procedure is in the nature of a bonus opportunity, a greater degree of judicial deference is due to discretionary denials by the administrative agency than is appropriate where judicial review exists as a matter of statutory right. That the administrative agency does not perceive appeal to the district courts on abuse of discretion grounds as an appropriate remedy for denials of requests to reopen is indicated by the fact that no such possibility is suggested in 20 C.F.R. § 404.993[4] which lists the avenues available to contest revised determinations and decisions.

█ Thus, while the judicial review of denials of requests to reopen is precluded by *Sanders* as being in conflict with the regulatory structure, judicial review of denials of requests for review by the Appeals Council appears to us to be in conformity with the policies and procedures established in Title 20 of the C.F.R., particularly in §§ 404.972 and 404.981. As the Supreme Court noted in *Salfi,* the proper scope of section 405(g) is left to administrative determination.

The term "final decision" is not only left undefined by the Act, but its meaning is left to the Secretary to flesh out by regulation.

422 U.S. at 766, 95 S.Ct. at 2467.

The mandate to flesh out the statutory meaning is expressly provided in 42 U.S.C. § 405(a):

3. These regulations are as follows:

§ 404.988 Conditions for reopening.

A determination, revised determination, decision, or revised decision may be reopened—

(a) Within 12 months of the date of the notice of the initial determination, for any reason;

(b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989 ...

....

§ 404.989 Good Cause for reopening.

(a) We will find that there is good cause to reopen a determination or decision if—

(1) New and material evidence is furnished;

(2) A clerical error in the computation or recomputation of benefits was made; or

(3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.

(b) We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made.

4. 20 C.F.R. § 404.993 states:

Effect of revised determination or decision.

A revised determination or decision is binding unless—

(a) You or another party to the revised determination file a written request for a hearing;

(b) You or another party to the revised decision file, as appropriate, a request for review by the Appeals Council or a hearing;

(c) The Appeals Council reviews the revised decision; or

(d) The revised determination or decision is further revised.

The Secretary shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder.

The Secretary's argument that an Appeals Council denial of a request to review for reason of untimeliness is neither "final" because it is not a determination on the merits, nor "made after a hearing" because the request itself is not heard, makes linguistic but not legal sense. Under 20 C.F.R. § 404.981 the Appeals Council decision not to review *finalizes* the decision made after a hearing by the administrative law judge, fulfilling the statutory requirements of section 405(g). The claimant may then appropriately appeal his case to the district court, as specified in 20 C.F.R. 404.-981. By contrast, the interpretation for which the Secretary now argues would leave a claimant permanently in limbo. Under the Secretary's reasoning, the claimant would never have a "final" decision, because the decision of the administrative law judge would not be final until the Appeals Council had reviewed it on the merits. But the claimant would certainly be "finished" because Appeals Council dismissals are reviewable only by appeal to the federal district court, which adoption of the Secretary's position would foreclose. Unless the claimant could meet the highly specific criteria required to reopen his case, he would be forever barred from a final determination of his claim.

We agree with the district court that appeal from Appeals Council denial of requests for review is governed by the Supreme Court decision in *Weinberger v. Salfi*, not in *Califano v. Sanders*. We are aware of the contrary conclusion in *Sheehan v. Secretary of Health, Education and*

Welfare, 593 F.2d 323 (8th Cir.1979), but we note that the eighth circuit's conclusion was reached without substantial analysis of the distinction between review and reopening of a case. In our view *Langford* remains a controlling authority.

## THE SUBSTANTIALITY OF THE EVIDENCE

In reviewing claims brought under the Social Security Act, our role is a limited one. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Secretary. Even if we find that the evidence preponderates against the Secretary's decision, we must affirm if the decision is supported by substantial evidence. 42 U.S.C. § 405(g). *See, e.g., Allen v. Schweiker*, 642 F.2d 799, 800 (5th Cir.1981); *Warncke v. Harris*, 619 F.2d 412, 416 (5th Cir.1980). Yet, within this narrowly circumscribed role, we do not "act as automatons." *Ware v. Schweiker*, 651 F.2d 408, 411 (5th Cir.1981), *cert. denied*, 455 U.S. 912, 102 S.Ct. 1263, 71 L.Ed.2d 452 (1982). We must scrutinize the record as a whole, *id.; Lewis v. Weinberger*, 515 F.2d 584, 586–87 (5th Cir.1975) to determine if the decision reached is reasonable, *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir.1979) and supported by substantial evidence, *Scharlow v. Schweiker*, 655 F.2d 645, 648 (5th Cir.1981).

Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Walden v. Schweiker*, 672 F.2d 835, 838–40 (11th Cir.1982); *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir.1981); *Fruge v. Harris*, 631 F.2d 1244, 1245 (5th Cir.1980).

Appellant Bloodsworth contends that substantial evidence is lacking to support the Secretary's conclusion that appellant is not disabled within the meaning of the Act.[5]

---

**5.** 42 U.S.C. § 423(d)(1)(A) defines "disability" as

(A) inability to engage in any substantial

The scheme of the Act places a very heavy initial burden on the claimant to establish existence of a disability by proving that he is unable to perform his previous work. This stringent burden has been characterized as bordering on the unrealistic. *Walden v. Schweiker,* 672 F.2d at 838; *Oldham v. Schweiker,* 660 F.2d at 1083; *Johnson v. Harris,* 612 F.2d 993, 996–97 (5th Cir.1980); *Williams v. Finch,* 440 F.2d 613, 615 (5th Cir.1971). But it is not insuperable. *Mims v. Califano,* 581 F.2d 1211, 1213 (5th Cir. 1978).

■ In making an initial determination of disability, the examiner must consider four factors: "(1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability as testified to by the claimant and corroborated by [other observers, including family members], and (4) the claimant's age, education, and work history." *Walden v. Schweiker,* 672 F.2d at 839, *quoting De Paepe v. Richardson,* 464 F.2d 92, 94 (5th Cir.1972); *Smith v. Schweiker,* 646 F.2d 1075, 1077 (5th Cir.1981); *Rodriguez v. Schweiker,* 640 F.2d 682, 685 (5th Cir.1981). These factors must be considered both singly and in combination. *Rodriguez v. Schweiker,* 640 F.2d at 685; *De Paepe v. Richardson,* 464 F.2d at 94. Presence or absence of a single factor is not, in itself, conclusive. *See, e.g., Walden v. Schweiker,* 672 F.2d at 839 (finding substantial evidence of disability despite lack of any objective medical facts or clinical findings offered in evidence).

Mr. Bloodsworth argues that the determination by the administrative law judge (ALJ) that he was not disabled from returning to his former occupation as a bridgetender is not supported by substantial evidence. More particularly, Bloodsworth contends that the ALJ erred in rejecting the testimony of appellant's treating physician, Dr. Batson, and rejecting the subjective testimony of disabling pain without substantial evidence.

The testimony of Dr. Batson, an orthopedic surgeon who had been appellant's treating physician since 1975, was to the effect that Mr. Bloodsworth suffered from degenerative osteoarthritis and chronic recurrent lumbar disc disease (secondary to surgery for a herniated nucleus pulposus in 1963, and exacerbated by a second back injury in 1978) causing severe pain and significant limitation of motion. "Our case law requires that unless good cause is shown to the contrary, the ALJ must accord 'substantial weight' or 'considerable weight' to the opinion, diagnosis, and medical evidence of the claimant's treating physician." *Wiggins v. Schweiker,* 679 F.2d 1387, 1389 (11th Cir.1982). *See also Smith v. Schweiker,* 646 F.2d at 1081; *Fruge v. Harris,* 631 F.2d at 1246. As we observed in *Smith v. Schweiker,* 646 F.2d at 1081:

It is not only legally relevant but unquestionably logical that the opinions, diagnosis, and medical evidence of a treating physician whose familiarity with the patient's injuries, course of treatment, and responses over a considerable length of time, should be given considerable weight.

■ However, the opinion of a treating physician may be rejected when it is so brief and conclusory that it lacks persuasive weight or where it is unsubstantiated by any clinical or laboratory findings. *Kirkland v. Weinberger,* 480 F.2d 46, 49 (5th Cir.), *cert. denied,* 414 U.S. 913, 94 S.Ct. 255, 38 L.Ed.2d 155 (1973). Further, the Secretary may reject the opinion of any physician when the evidence supports a contrary conclusion. *Oldham v. Schweiker,* 660 F.2d at 1084; *Warncke v. Harris,* 619 F.2d at 417.

The ALJ found cause to reject the opinion of Dr. Batson because, in his opinion, "Dr. Batson's conclusions and clinical findings have not been confirmed by Dr. Amos L. Prevatt, another of the claimant's treating physicians and Dr. V.L. Flatt," the consulting physician. Our review of the record, however, does not support the ALJ's

gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be·expected to last for a continuous period of not less than 12 months[.]

conclusions as to the testimony of Dr. Prevatt and Dr. Flatt.

Dr. Prevatt, the appellant's treating internist, had treated appellant for back and joint disease and stomach problems. The ALJ found that Dr. Prevatt had not confirmed Dr. Batson's opinion on appellant's limitation of motion or inability to engage in his previous occupation. On our reading of the record, however, we find the ALJ to be in error. In his deposition testimony, Dr. Prevatt stated that the appellant could only put his arms and shoulders through the full range of motion with "a lot of pain" and that "he had pain whenever he attempted to do any active motion with his left arm." In a 1979 report to the Florida Retirement Commission, included in the transcript, Dr. Prevatt stated that Mr. Bloodsworth had marked limitation of the motion of the spine with loss of the normal lordosia and that he had centralized osteoarthritis and disc disease of the lumbar spine and pain on any prolonged standing, sitting, bending or lifting. Dr. Prevatt also testified that the patient was disabled from performing his job as a bridgetender. Thus the testimony of Drs. Batson and Prevatt, the two treating physicians, is in substantial agreement on the nature and extent of appellant's disability.

In addition, the findings of Drs. Batson and Prevatt are supported by x-ray and myelogram reports (a myelogram taken in 1975 showed a laminectomy defect, scoliosis, and narrowing of the L5–S1 vertebral area in the lumbar spine); by the conclusions of other physicians (Dr. Wayne Miller, a urologist, found that the plaintiff's back condition was causing a neurogenic bladder problem; Dr. Troy Tippet, a neurosurgeon, diagnosed appellant as having degenerative disc disease with muscle spasm and sensory changes); and by the Florida State Retirement Division's finding that Mr. Bloodsworth is totally disabled. The findings of disability by another agency, although not binding on the Secretary, are entitled to great weight. *Rodriguez v. Schweiker,* 640 F.2d at 686; *Epps v. Harris,* 624 F.2d 1267, 1274 (5th Cir.1980); *De Paepe v. Richardson,* 464 F.2d at 101.

Despite the preponderance of evidence in support of the opinions of the treating physicians, we still must affirm the decision of the ALJ to accept the opinion of the consulting rheumatologist, Dr. Flatt, if Dr. Flatt's opinion is supported by substantial evidence. In this case, however, Dr. Flatt's conclusion that appellant is not disabled is belied by her own clinical findings. Although Dr. Flatt, uniquely among all the physicians to examine the patient, found an absence of degenerative disc disease, she did find that Mr. Bloodsworth had permanent arthritis and could not rotate his back beyond thirty degrees. She additionally found that full range of motion in the cervical spine, shoulders, wrists, and hips was only accomplished with pain; that appellant required assistance for full flexion and extension in his cervical spine; and that appellant could only flex to within thirty-six inches of the floor and suffered intense pain upon percussion exam over the left sacroiliac joint. On these findings, Dr. Flatt was apparently able to formulate the opinion that Mr. Bloodsworth was not disabled from performing his previous work as a bridgetender, based upon the misunderstanding that the job was entirely sedentary, requiring only the ability to push buttons. In fact, the job requires use of both arms and legs to operate the bridge controls and involves approximately four hours standing and four hours sitting per day.

In sum, the only evidence in support of the ALJ's findings under factor (2) (diagnoses of examining physicians) that appellant is not disabled from performing his previous work as a bridgetender is the bald assertion by Dr. Flatt, apparently based on a misunderstanding as to the nature of the work involved, in part unsupported by Dr. Flatt's own clinical findings, and in part supported by clinical findings of Dr. Flatt that are contradictory to those of every other physician to have seen the same x-rays of Mr. Bloodsworth. We find that the ALJ's rejection of the opinions of the treating physicians was without good cause, and the determination of non-disability based

upon the diagnoses of the examining physicians is unsupported by substantial evidence.

■ Mr. Bloodsworth also contends that the ALJ's finding of the absence of disabling pain is not supported by substantial evidence. Claimant and his wife testified to the substantial crippling pain he experienced. The ALJ's opinion stated that he did not find these complaints "credible." Even subjective complaints of pain, if credited, standing alone can sustain a finding of disability in certain cases. *See Wiggins v. Schweiker,* 679 F.2d at 1390–91; *Walden v. Schweiker,* 672 F.2d at 839–40; *Benson v. Schweiker,* 652 F.2d 406, 408–09 (5th Cir. 1981); *Smith v. Schweiker,* 646 F.2d at 1082; *De Paepe v. Richardson,* 464 F.2d at 100.

■ Nonetheless, credibility determinations are for the Secretary, not the courts. *Simmons v. Harris,* 602 F.2d 1233, 1235 (5th Cir.1979); *Davis v. Califano,* 599 F.2d 1324, 1326 (5th Cir.1979). Were claimant's appeal based solely on his subjective testimony of pain, we would have to conclude that there was substantial evidence to support the Secretary's determination. But that is not the case. Significant additional evidence of pain was provided, as part of the clinical findings of the examining physicians, including Dr. Flatt. In his deposition testimony Dr. Prevatt testified that the claimant had "a lot of pain ... whenever he attempted to do any active motion with his left arm," that he also complained of pain in his right arm and that continuing intermittent problems with joint pain could be expected to restrict his activities. In his medical report of February 1, 1979, he stated that the patient had back pain which had worsened in the last year, and that he had pain on any prolonged standing, sitting, bending, or lifting, which disabled him from performing his work as a bridgetender.

Dr. Flatt testified that Mr. Bloodsworth's wrists could only be put through a full range of motion with discomfort, that pain in the back ensued when the hips were put through a good range of motion, and that the claimant "complains bitterly of pain on percussion over the left sacroiliac joint."

Every examining physician, including Dr. Flatt, found evidence of severe pain. "An administrative law judge may not arbitrarily reject uncontroverted medical testimony." *Walden v. Schweiker,* 672 F.2d at 839. This case is substantially similar to *Walden v. Schweiker.* In *Walden,* the claimant was also suffering from a degenerative arthritic condition, and the report of the treating physician supported the testimony of the claimant and her daughter that the attendant pain was disabling. We held this evidence of subjective pain sufficient to establish a prima facie case of disability. The evidence of pain in the instant case is even more substantial because it is supported by x-rays and clinical findings of three examining physicians, including that of Dr. Flatt, the outside consulting physician. As we observed in *Smith v. Schweiker,* 646 F.2d at 1082–83, the failure to fully consider the evidence of pain "is even more pronounced considering that [the] complaints of pain were sufficiently corroborated by an abundance of medical evidence . . . ."

■ Considering the extensive evidence of pain in the clinical findings, we find that the ALJ's finding of appellant's lack of credibility does not constitute substantial evidence for rejection of the claim of disabling pain.

The four evidentiary factors are to be considered in combination. *Rodriguez v. Schweiker,* 640 F.2d at 685. Because we find that there was not substantial evidence to support the Secretary's conclusion as to two of the factors (physicians' diagnoses and disabling pain) we must conclude that the combined findings on the four factors do not constitute substantial evidence to support the Secretary's conclusion that appellant was not disabled from performing his previous work as a bridgetender.

■ We find that plaintiff sustained his initial burden of proving that he was disabled from engaging in his former occupation. Having met this burden, the burden of proof shifts to the Secretary to prove that there are jobs available in the national

economy for which appellant would not be disqualified, *Flood v. Schweiker,* 643 F.2d 1138, 1139 (5th Cir.1981); *Rodriguez v. Schweiker,* 640 F.2d at 685; *Western v. Harris,* 633 F.2d 1204, 1206 (5th Cir.1981), unless appellant's disability meets the requirements listed in Appendix I of Title 20 of the C.F.R. upon which a finding of disability may be made without consideration of vocational factors. Appellant argues that his disability meets the requirements found in section 1.05(C) of Appendix I:

> Other vertebrogenic disorders (e.g., herniated nucleus pulposus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months. With both 1 and 2: (1) Pain, muscle spasm, and significant limitation of motion in the spine; and (2) appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

Appellant argues that relevant medical evidence before the ALJ and confirmed by many x-ray reports and the examinations of many other physicians in this record shows that Mr. Bloodsworth has in the past been operated on for a herniated nucleus pulposus and presently has a loss of joint space at L5–S1 and degenerative disc disease. These conditions are attended by muscle spasm, severe pain in the lower back with radicular distribution of that pain into both legs, 50% loss of range of motion of the spine, and sensory and reflex changes and muscle weakness in both lower extremities. Dr. Flatt found only thirty degrees of rotation of the spine existing and at least five times in her report mentions the plaintiff's pain experienced during the exam. The pain and limitation of motion was also confirmed by Dr. Prevatt, whose findings were also accepted by the ALJ. The pain, muscle spasm, diagnosis of disc disease and sensory changes were also confirmed by Dr. Tippet, the neurosurgeon.

It is true that claimant experienced a herniated nucleus pulposus for which surgery was performed in 1963. Apparently, this surgery was successful, in that claimant returned to work until 1978. Subsequent x-rays and myelograms have not revealed abnormalities sufficient to meet the severity contemplated by section 1.05(C) of Appendix I. We therefore conclude that appellant is not entitled to an automatic finding of disability on the evidence presented, without a consideration of vocational factors.

We remand for a determination as to whether there are jobs in the national economy which appellant can perform.

REVERSED and REMANDED.