**Glenda KELSO, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security, Defendant.**

**Civil Action No. 06–0554–NE.**

United States District Court,
N.D. Alabama,
Northeastern Division.

Oct. 17, 2006.

---

17. *Id.*

18. 26 C.F.R. § 301.6501(a).

Darryl W. Hunt, Clark & James LLC, Birmingham, AL, for Plaintiff.

Edward Q. Ragland, U.S. Attorney's Office, Birmingham, AL, Roy F. Satterwhite, III, Social Security Administration–Office of General Counsel, Atlanta, GA, for Defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

The plaintiff, Glenda Kelso, brings this action seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits. Glenda Kelso filed an application for Social Security Benefits. Thereafter, plaintiff timely pursued and exhausted the administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth,* at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth,* at 1239. The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that proper legal standards were applied in reaching that decision. Accordingly, the decision of the Commissioner must be affirmed.

In affirming the decision of the Commissioner, the court directly rejects the plaintiff's argument in brief that a remand is necessary. The plaintiff's attorney, Cheryl D. Chapman, with the firm of Clark, James, Hanlin & Hunt, L.L.C., states in brief that a Disability Report dated June 13, 2002, "specifically recommended onset date of December 31, 1985, noting as explanation for this, 'See attached SSI file for some medical records back to 1982.'" (Pl.'s. br. at 6) This argument implies that the Disability Report [R 112–115] recommends a finding of disability as of December 31, 1985, and that the referenced medical records would support the plaintiff's claim. Even a cursory review of the report shows this is not the case. Not mentioned by attorney Chapman are the boxes checked indicating the claimant's alleged onset date should be changed to December 31, 1985, because of work before or after the alleged onset date. The report does reference an "attached SSI file" but this file is cited as an explanation for an onset date later than the claimant's alleged onset date. Elsewhere in the administrative records there is an explanation that the December 31, 1985, onset date recommendation was based upon work after the claimant's alleged onset date. Specifically, the recommendation was based upon the plaintiff having worked continuously for one employer during the years 1983–85. [R 62]

The court cannot say that counsel's argument was a deliberate misrepresentation. However, it was misleading until the record was checked. All counsel practicing before this court should take care to ensure that statements in their briefs accurately reflect the record and do not have the potential to mislead the court.

A separate order in conformity with this memorandum opinion will be entered.

*FINAL ORDER*

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith, it is

ORDERED, ADJUDGED and DECREED that the decision of the Commissioner of the Social Security Administration be and it hereby is AFFIRMED.