Bonnie C. BARNES, Plaintiff,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant.

Civil Action No. 06–G–1391–M.

United States District Court,
N.D. Alabama,
Middle Division.

June 4, 2007.

R. Michael Booker, R. Michael Booker PC, Birmingham, AL, for Plaintiff.

Lane H. Woodke, U.S. Attorney's Office, Birmingham, AL Natalie Jemison, Social Security Administration–Office of General Counsel, Atlanta, GA, for Defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

The plaintiff, Bonnie C. Barnes, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

■ The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth,* at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth,* at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months...." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an im-

pairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

■ In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R. § 404.1520(a)-(f). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir.1993); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir.1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope* at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir.1995). The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers. *Id.*

■ In the instant case, ALJ Robert G. Faircloth determined the plaintiff met the first two tests, but concluded that while she has an impairment or impairments considered "severe," she did not meet or equal a listed impairment. The ALJ found the plaintiff unable to perform her past relevant work. Once it is determined that the plaintiff cannot return to her prior work, "the burden shifts to the

[Commissioner] to show other work the claimant can do." *Foote,* at 1559. Furthermore, when, as is the case here, a claimant is not able to perform the full range of work at a particular exertional level, the Commissioner may not exclusively rely on the Medical–Vocational Guidelines (the grids). *Foote,* at 1558–59. The presence of a non-exertional impairment, pain, also prevents exclusive reliance on the grids. *Foote,* at 1559. In such cases "the [Commissioner] must seek expert vocational testimony." *Foote,* at 1559.

### DISCUSSION

■ The Commissioner's consultative examiner, Anjaneyulu Alapati, M.D. a board-certified neurologist, conducted a physical examination of the Plaintiff on May 22, 2004. [R. 166–170]. In this report, Dr. Alapati completed a "Functional Assessment/Medical Source Statement," which stated:

STANDING/WALKING: The number of hours that the claimant is expected to stand or walk in an eight-hour workday is limited to six hours *with frequent breaks in view of history of back pain and leg problems.*

SITTING: The number of hours that the claimant could be expected to sit in an eight-hour workday is limited to six hours *with frequent breaks.*

[R. 170] (emphasis added)

At the hearing, the Vocational Expert testified that given the plaintiff's limitations, "frequent breaks would intrude on the ability to do ... sedentary work," and that she would not be able to sustain any level of work activity. [R. 210].

In his decision, the ALJ had this to say about his reliance on the opinion of consultative examiner:

Pursuant to 20 C.F.R. § 416.927(d)(1), I give great weight to the opinion of Dr. Alapati. In doing so, I point out that his

opinion is consistent with and supported by the weight of the evidence in this case, including x-ray results, sonography results, laboratory test results, and Quality of Life records. In addition, Dr. Alapati is a Board Certified Neurologist, and we generally give more weight to the opinion of a specialist about medical issues related to his or her area of speciality than to the opinion of a source who is not a specialist. 20 C.F.R. § 416.927(d)(5).

[R. 18]. Based on Dr. Alapati's opinion, the plaintiff must be afforded frequent breaks. Expert testimony revealed that if this is the case, the plaintiff would not be able to sustain any job that exists in significant numbers in the economy. The ALJ's conclusion that "[t]he claimant retains the residual functional capacity to perform the exertional demands of light work with a sit/stand option and requiring no prolonged standing," [R. 20] is not supported by substantial evidence.

### CONCLUSION

For the reasons set forth above, the Commissioner failed to carry his burden at step five of showing the plaintiff could perform other work. Accordingly, the plaintiff is disabled within the meaning of the Social Security Act. An appropriate order remanding the action with instructions that the plaintiff be awarded the benefits claimed will be entered contemporaneously herewith.

DONE and ORDERED.

### FINAL ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith, it is

ORDERED, ADJUDGED and DECREED that the decision of the Commissioner of the Social Security Administration is hereby REVERSED, and the case is REMANDED to the Commissioner with instructions that the plaintiff be awarded the benefits claimed. It is

FURTHER ORDERED that the Commissioner withhold from payments that are determined to be due the plaintiff under this order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of 42 U.S.C. § 406(b). The Commissioner is directed to advise the court of the amount withheld so that the matter may be set for final determination of the amount of attorney's fee to be allowed plaintiff's counsel for services rendered in representing plaintiff in this cause.

It is further ORDERED pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby granted an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. *This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*

DONE and ORDERED.