[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16765
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00347-CV-5-OC-GRJ

MICHAEL R. LAFFERTY,

                                                            Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 21, 2009)

Before BIRCH, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Michael R. Lafferty appeals the district court's affirmance of the final decision of the Commissioner of Social Security denying his applications for Social Security Disability Insurance benefits and Supplemental Security Income.

Lafferty applied for Social Security benefits in March 2004 alleging disability due to arthritis and carpel tunnel syndrome beginning August 1, 2001. The Commissioner denied his applications initially and again upon reconsideration. Lafferty timely requested a hearing before an administrative law judge (ALJ) and began complaining additionally of depression. After a hearing, the ALJ found that although Lafferty suffered from severe degenerative joint disease of the hand, he could still perform light work and was therefore not disabled. The Social Security Administration's Office of Hearings and Appeals denied Lafferty's request for review of the ALJ's decision.

Lafferty filed a complaint seeking review in the district court pursuant to 42 U.S.C. § 405(g) (2006), and the parties consented to adjudication before a magistrate judge. Lafferty argued that the ALJ had erred in discrediting his subjective complaints of pain and in failing to include all of his alleged impairments in the hypothetical question posed to the vocational expert at his administrative hearing. The magistrate judge affirmed the denial of benefits on the ground that substantial evidence supported the ALJ's credibility determination and

2

corresponding decision to exclude some of Lafferty's complaints from the hypothetical question. This appeal followed.

We review the Commissioner's conclusions to determine whether they are supported by substantial evidence in the record. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive," 42 U.S.C. § 405(g), and this court may not substitute its judgment for that of the Commissioner. Dyer, 395 F.3d at 1210.

After a thorough review of the record and the parties' briefs, we agree with the magistrate judge that the ALJ's decision to discredit Lafferty's subjective complaints was supported by substantial evidence and that the hypothetical question presented to the vocational expert properly encompassed Lafferty's functional limitations. For the reasons given in the magistrate judge's detailed and well-reasoned opinion of September 30, 2008, we affirm.

**AFFIRMED.**