[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11015
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cv-02007-CEH-TGW

CROSS TERRACE REHAB INC, LLC,
a Delaware Limited Liability Company,
d.b.a. Cross Terrace Rehabilitation Center,

Plaintiff - Appellant,

versus

SECRETARY, DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 17, 2020)

Before WILLIAM PRYOR, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Cross Terrace Rehab Inc, LLC ("Cross Terrace"), is a provider of skilled nursing services. It requested hearings before an administrative law judge ("ALJ") to contest the denial of several claims for benefits for services provided to Medicare beneficiaries. The ALJ dismissed the requests after Cross Terrace failed to appear for the scheduled hearings and, in the ALJ's view, failed to establish good cause for its absence. The Medicare Appeals Council ("Council") issued a decision affirming the ALJ, which represented the final decision of the Secretary of the Department of Health and Human Services ("Secretary"). Cross Terrace then pursued judicial review, and the district court affirmed. Cross Terrace now appeals to this Court. We affirm as well.

## I.

We begin by outlining the relevant framework for administrative review of Medicare claims. The Centers for Medicare and Medicaid Services ("CMS") administer the Medicare Program pursuant to the Social Security Act. When CMS denies a Medicare provider's claim for reimbursement, the provider may request redetermination, reconsideration, and then, if those requests are denied, an evidentiary hearing before an ALJ, who is part of the Office of Medicare Hearings and Appeals ("OMHA"). *See* 42 U.S.C. § 1395ff; 42 C.F.R. §§ 405.920, 405.040, 405.960, 405.1000. The provider may request review of the ALJ's decision from the Council. 42 C.F.R. § 405.1100(a). The Council's decision, if unfavorable, is the

final step in the administrative process. *Id.* § 405.1130. Then, the provider generally may seek judicial review in federal court. 42 U.S.C. § 405(g).

This appeal is about the ALJ hearing step. A request for an ALJ hearing must be in writing and must include, among other information, the names of the "beneficiary whose claims is being appealed"; the "appellant, when the appellant is not the beneficiary"; and "the designated representative, if any." 42 C.F.R. § 405.1014(a)(1)(i)–(iii). When an ALJ hearing request is received, the Secretary issues a notice of hearing advising of the proposed time and place of the hearing. *Id.* § 405.1020(c)(1). In response, all parties must reply by (1) acknowledging whether they plan to attend; (2) "If the party or representative is an entity or organization, specifying who from the entity or organization plans to attend the hearing, if anyone, and in what capacity, in addition to the individual who filed the request for hearing"; and (3) listing the witnesses who will be providing testimony at the hearing. *Id.* § 405.1020(c)(2).

A party has the right to appear before the ALJ to present evidence, including witness testimony, and to state his or her position. *Id.* § 405.1036(a)(1), (c). The party "may also make his or her appearance by means of a representative." *Id.* § 405.1036(a)(2). The regulations provide that a party may appoint a representative, who need not be an attorney, "to represent the party in a Medicare claim or claim appeal." *Id.* §§ 405.902; 405.910(a). To do so, the party must meet several listed

requirements, *see id.* § 405.910(c); otherwise, the appointment is defective and "the prospective appointed representative lacks the authority to act on behalf of the party," *id.* § 405.910(d)(2). However, a billing agent of a corporate provider may appear on its behalf as its agent without being appointed as its representative. *Medicare Claims Processing Manual*, Ch. 29, § 270.1.1, *available at*: *https://www.cms.gov/Regulations-and-Guidance/Guidance/Manuals/downloads/cl m104c29.pdf* ("Billing clerks or billing services employed by the provider or supplier to prepare and/or bill the initial claim, process the payments, and/or pursue appeals act as the agent of the provider or supplier and do not need to be appointed as representative of the provider/supplier.") (last visited Jan. 7, 2020).

Upon a showing of "good cause," the ALJ may change the time or place of the hearing. The ALJ "can find good cause" if information available to the ALJ supports the party's contention that "[t]he party or his or her representative is unable to attend or to travel to the scheduled hearing because of a serious physical or mental condition, incapacitating injury, or death in the family." 42 C.F.R. § 405.1020(f)(1). More generally, in evaluating good cause, the ALJ considers "the party's reason for requesting the change, the facts supporting the request, and the impact of the proposed change on the efficient administration of the hearing process." *Id.* § 405.1020(g)(1).

4

"An ALJ dismisses a request for a hearing" when, among other listed circumstances, "[n]either the party that requested the hearing nor the party's representative appears at the time and place set for the hearing" and the "ALJ determines the party did not demonstrate good cause for not appearing." *Id.* § 405.1052(a)(1). The party may appeal that dismissal to the Council, which is empowered to "deny review or vacate the dismissal and remand the case to the ALJ or attorney adjudicator for further proceedings." *Id*. § 405.1108(b). The "denial of a request for review of a dismissal issued by an ALJ," according to the regulations, "is binding and not subject to further review unless reopened and vacated by the Council." *Id.* § 405.1116.

## II.

As we have noted, Cross Terrace is a provider of skilled nursing services. As relevant here, it sought payment from the Secretary for skilled nursing services that it furnished to five Medicare beneficiaries. After these claims were denied both initially and upon reconsideration, Cross Terrace requested individualized hearings before an ALJ.

On its written requests for hearings before an ALJ, Cross Terrace listed Joyce Plourde, Cross Terrace's appeals manager, as its "representative." Cross Terrace also checked a box indicating that the "appellant will accompany the representative at the hearing." Elizabeth Vargas signed as the "appellant" on behalf of Cross

5

Terrace.  On March 22, 2106, OMHA issued a Notice of Hearing for each of the five beneficiaries, setting a joint telephonic hearing for the morning of April 28, 2016.

Cross Terrace prepared and submitted a Response to Notice of Hearing for each of the cases.  The Responses listed Cross Terrace as the "Recipient" of the Notices of Hearing and Plourde as the "Recipient's Representative."  Cross Terrace checked the box stating that it "will be present at the time and place shown on the Notice of Hearing."  Cross Terrace also included an "appearance list," in which it was instructed to "identify the names of participants and their relationship to [Cross Terrace] including their job title or position."  Without clearly designating their relationship or position, Cross Terrace listed four individuals who "plan to participate in the hearing": Michael Kornhauser, Esq., Joyce Plourde, Donna Conde, and Neimar Campos.  Cross Terrace did not complete a valid appointment of representative for Plourde or anyone else.

On the date of the hearing, April 28, no one appeared on behalf of Cross Terrace.  Later that day, Kornhauser called the ALJ to tell her that Plourde did not appear due to a medical emergency.  The following day, Kornhauser wrote a letter to the ALJ.  He advised that he had been retained by Cross Terrace with respect to the five appeals and that Plourde, "the individual who is handling this matter," had experienced a health scare which caused her to miss the hearing.  Kornhauser requested that the ALJ reschedule the hearing.

6

The ALJ issued orders dismissing each of the five cases. According to the orders of dismissal, ALJs dismiss a request for a hearing "if neither the party that requested the hearing nor the party's representative appears at the time and place set for the hearing" without good cause. The ALJ found good cause to excuse Plourde's absence but stated that "[t]here was no explanation as to why the other three scheduled attendees did not appear at the hearing." The ALJ dismissed the cases because "good cause has not been established for the other three attendees."

Cross Terrace appealed to the Council, arguing that the ALJ's finding of good cause for the absence of Plourde, Cross Terrace's "sole representative," required overturning the dismissals. In Cross Terrace's view, the three other participants were simply "potential witnesses" who were not given advance notice of the hearing because Plourde "was fully apprised of the underlying issues and prepared to handle the hearing on her own." Cross Terrace noted that the regulations permit dismissal only upon the failure to appear of either "the 'party', namely Cross Terrace, or the 'party's representative', namely, Joyce Plourde," and not "unnecessary witnesses."

The Council issued a decision denying Cross Terrace's requests for review. The Council found that the "ALJ properly dismissed the requests for hearing because a party or its representative did not appear on the date of the scheduled hearing." While the Council noted that Cross Terrace had established good cause for the failure of its representative to attend the hearing, it concluded that the ALJ could reasonably

7

have inferred from the record that Kornhauser "would participate in the scheduled hearing on behalf of the appellant."  In support of that inference, the Council noted that Kornhauser was listed as a possible participant with the title "Esq.," and that Kornhauser informed the ALJ before the dismissal orders that he had been "retained to represent the appellant in these appeals."  The Council also noted that Cross Terrace did not explain why Kornhauser or the other two listed individuals were unable to appear at the hearing, given Plourde's medical condition.  Concluding that Cross Terrace failed to present good cause for its failure to appeal, the Council found that the ALJ properly dismissed Cross Terrace's requests for hearing.

## III.

Cross Terrace then filed this action in federal district court to reverse the Council's decision, invoking the court's jurisdiction under 42 U.S.C. §§ 405(g) and 1395ff.  The Secretary agreed that the district court had jurisdiction under § 405(g) to review whether "[t]he final administrative decision, as rendered by the Council, comports with applicable legal standards" and was arbitrary and capricious or an abuse of discretion.

Following briefing by the parties, a magistrate judge recommended that the Council's decision be affirmed because Cross Terrace had failed to establish good cause for the failure to appear by all listed participants.  The magistrate judge also

8

noted that there was no indication in the record regarding Plourde's health scare and that "a rescheduled hearing would not be fair to the other claimants waiting in line."

Over Cross Terrace's objections, the district court adopted the magistrate judge's recommendation and affirmed the Council's decision. The court noted that Plourde was scheduled to appear as a corporate agent, not as an appointed representative, and that at least one other Cross Terrace employee was listed as a scheduled participant. In these circumstances, according to the court, the ALJ reasonably found that, despite Plourde's absence, Cross Terrace failed to establish good cause for its failure to appear through an agent. The court rejected Cross Terrace's argument that the other three listed participants were "fact witnesses," reasoning that Cross Terrace attached these labels after the fact to justify its argument. Finally, the court found any error by the magistrate judge in referring to "equity" was harmless and that the magistrate judge's comments about Plourde's medical condition were dicta since the ALJ's finding of good cause for Plourde's absence was uncontested.

Cross Terrace now appeals to this Court. We have jurisdiction under 42 U.S.C. § 405(g).[1] *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1237 (11th Cir. 1983)

---

[1] We asked the parties to brief whether the Council's decision affirming the ALJ's dismissal of Cross Terrace's requests for an ALJ hearing was a "final decision . . . made after a hearing" that is subject to judicial review under § 405(g). Cross Terrace responds that the hearing requirement is a matter of administrative exhaustion that may be waived by the Secretary. The Secretary, though it originally conceded jurisdiction both in the district court and in its brief on appeal, now claims that we lack jurisdiction to review the Secretary's decision in this case. On

("[A]n Appeals Council review determination, on whatever grounds, is perceived as the appropriately 'final decision' from which to take an appeal to the district court under section 405(g).").

## IV.

The parties agree that our review of the Secretary's decision is deferential. Specifically, they agree that we may not disturb the Secretary's decision unless it is arbitrary, capricious, or an abuse of discretion.  At bottom, our function in conducting this review is to determine whether there was a reasonable basis for the decision in light of the relevant legal standards and the facts known to the agency at the time the decision was made.  *E.g.*, *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983); *Sierra Club v. Van Antwerp*, 526 F.3d 1353, 1360 (11th Cir. 2008).

Cross Terrace contends that the district court erred in affirming the dismissal of its ALJ hearing requests for several reasons: the failure of fact witnesses to appear at an ALJ hearing is not a basis for dismissal; a corporate entity may represent itself at an ALJ hearing, and Plourde was the only person designated as a corporate agent; the Secretary and the district court improperly expanded who can present evidence

---

December 19, 2019, we issued an order finding that the hearing requirement was a "non-jurisdictional exhaustion requirement" that the Secretary waived by originally indicating that judicial review was available under § 405(g). *See Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (2019) (stating that "an ALJ hearing is not an ironclad prerequisite for judicial review").

or appear on behalf of a party to an ALJ hearing, or both; and the magistrate judge improperly relied on equity and erred by reweighing the evidence regarding Plourde's absence. Cross Terrace's arguments, at bottom, amount to a claim that the only person authorized to represent Cross Terrace at the hearing was Plourde, so it was entitled to a new hearing upon showing good cause for her absence.

After careful review, we cannot conclude that the agency's decision to dismiss Cross Terrace's request for a hearing was arbitrary, capricious, or an abuse of discretion.

Under the relevant regulations, an ALJ is permitted to dismiss a request for a hearing when "[n]either the party that requested the hearing nor the party's representative appears at the time and place set for the hearing" and the "ALJ determines the party did not demonstrate good cause for not appearing." 42 C.F.R. § 405.1052(a)(1). While Cross Terrace asserts that Plourde was the "party's representative," we disagree. As used in the regulations, the term "representative" refers to a person appointed as a representative under the requirements set forth in 42 C.F.R. § 405.910(c). Cross Terrace did not take the steps to appoint Plourde as a "representative" under that regulation. Rather, Plourde was scheduled to appear as a corporate agent of the "party," Cross Terrace, as permitted by the Medicare Claims Processing Manual. Accordingly, although Cross Terrace listed Plourde as

11

its "representative" when requesting an ALJ hearing, she was not a "representative" as that specific term is used throughout the regulations.

Thus, the question is whether it was reasonable for the Secretary to conclude that "the party that requested the hearing," Cross Terrace, failed to appear at the time and place set for the hearing without good cause. It's undisputed that Cross Terrace established good cause for Plourde's absence. But that does not necessarily mean that good cause was established for Cross Terrace's absence altogether. A review of Cross Terrace's pre-hearing submissions shows why.

When it initially requested ALJ hearings, Cross Terrace checked a box indicating that the "appellant will accompany the representative at the hearing," suggesting that someone other than Plourde, who was listed as its representative, would also be present at the hearing on Cross Terrace's behalf. That expectation was further reinforced by Cross Terrace's response to the notices of hearing. In its response, Cross Terrace was required to (a) "specif[y] who from the entity . . . plans to attend the hearing, if anyone, and in what capacity" and (b) "list[] the witnesses who will be providing testimony at the hearing." 42 C.F.R. § 405.1020(c)(2). Cross Terrace listed three individuals, in addition to Plourde, who "plan[ned] to participate in the hearing." It did not designate the capacity in which these individuals intended to participate or submit a separate list of witnesses. Thus, the ALJ was informed that multiple people were expected to appear for Cross Terrace at the hearing.

12

Cross Terrace failed to appear through any of the four scheduled participants, however, and it supplied good cause only for the absence of Plourde, not the others. Accordingly, the Secretary could have reasonably concluded that dismissal was appropriate because Cross Terrace "did not demonstrate good cause for not appearing." 42 C.F.R. § 405.1052(a)(1).

While nothing in the record clearly shows whether these other participants could have appeared on Cross Terrace's behalf at the hearing, we cannot say it was unreasonable for the Secretary to expect that, notwithstanding Plourde's justifiable absence, Cross Terrace would still appear at the hearing through a corporate agent or representative. Cross Terrace complains that the listed participants other than Plourde were simply fact witnesses, but it did not designate pre-hearing the capacity in which the other three individuals would be appearing, only supplying the "witness" characterization after the ALJ's dismissal orders. It was within the Secretary's discretion to accept Cross Terrace's after-the-fact characterizations, and we are not persuaded that its decision not to do so was unreasonable.

For these reasons, Cross Terrace has not shown that the Secretary's decision to deny Cross Terrace's requests for review of the ALJ's dismissal of its requests for a hearing lacked a legal basis or that it was arbitrary, capricious, or an abuse of discretion. Accordingly, we affirm the district court's judgment affirming the

13

Secretary's decision finding that the ALJ properly dismissed Cross Terrace's requests for an ALJ hearing.

**AFFIRMED.**