[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12629

Non-Argument Calendar

_____

H. GLENN ZIEGENFUSS,
for the Estate of Margaret Ziegenfuss,

Plaintiff-Appellant,

*versus*

SECRETARY OF HEALTH AND HUMAN SERVICES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cv-02373-SDM-CPT

————————————

Before ROSENBAUM, JILL PRYOR, and TJOFLAT, Circuit Judges.

PER CURIAM:

H. Glenn Ziegenfuss, proceeding *pro se* on behalf of his mother's estate, appeals the District Court for the Middle District of Florida's order granting summary judgment to the Secretary of Health and Human Services (the "Secretary") on his claim seeking Medicare Part A coverage for skilled nursing services furnished to his now-deceased mother, Margaret Ziegenfuss, who was a Medicare beneficiary. He argues that Margaret met Medicare Part A's three-day inpatient-stay requirement before being transferred to a skilled nursing facility because Cleveland Clinic Hospital intended to admit his mother on December 27, 2007, rather than on December 28, 2007, resulting in a stay of three days until December 30, 2007.

Ziegenfuss sought judicial review of the Secretary's final decision in the District Court, as he was entitled to do. *See* 42 U.S.C. §§ 405(g), 1395ff(b). When an appeal is taken from summary judgment granted in favor of the Secretary under 42 U.S.C. § 405(g), we perform the same review functions as the district court without presuming that it was correct. *McDaniel v. Harris*, 639 F.2d 1386,

1388 (5th Cir. 1981).[1]  Our review of the Secretary's decisions is limited to determining whether they are arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence. *Fla. Med. Ctr. of Clearwater, Inc. v. Sebelius*, 614 F.3d 1276, 1280 (11th Cir. 2010).  Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).  We may not "decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Secretary." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

Medicare Part A is a hospital insurance program under the Social Security Act that covers the costs of care at facilities such as hospitals, skilled nursing facilities, and hospice care facilities for eligible people over 65 years old.  *See* 42 U.S.C. §§ 1395c–1395i-6. Coverage for services provided in skilled nursing facilities extends to "post-hospital extended care services." *Id.* § 1395d(a)(2)(A).  The Act defines "post-hospital extended care services" to mean "extended care services furnished an individual after transfer from a hospital in which he was an inpatient for not less than 3 consecutive days before his discharge from the hospital in connection with such transfer." *Id.* § 1395x(i); *see also* 42 C.F.R. § 409.30(a)(1) (A patient

---

[1] Decisions of the Fifth Circuit issued on or before September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

is eligible for skilled nursing facility coverage only if he or she has been "hospitalized . . . for medically necessary inpatient hospital or inpatient [critical access hospital] care, for at least 3 consecutive calendar days, not counting the date of discharge.") (originally enacted in 42 C.F.R. § 405.120(c), *see* 31 Fed. Reg. 10,116, 10,119 (July 27, 1966)).  The Act does not define "inpatient."

The *Medicare Benefit Policy Manual* provides that time spent in observation or in the emergency room before inpatient admission does not count toward the three-day qualifying stay.  CMS, *Medicare Benefit Policy Manual*, Publ'n 100-02, ch. 8, § 20.1, https://www.cms.gov/Regulations-and-Guidance/Guidance/Manuals/Internet-Only-Manuals-IOMs-Items/CMS012673. It further states that inpatient status begins with the calendar day of hospital admission, but the day of discharge is not counted as a hospital inpatient day.  *Id.*  A practitioner's order to admit as an inpatient is a "critical element" in clarifying when a patient has been admitted as an inpatient and is required for coverage under Part A.  *Id.*, ch. 1, § 10.2.  The *Medicare Claims Processing Manual* provides that a patient is an inpatient "upon issuance of written doctor's orders to that effect."  CMS, *Medicare Claims Processing Manual*, Publ'n. 100-04, ch. 3, § 40.2.2(K), https://www.cms.gov/Regulations-and-Guidance/Guidance/Manuals/Internet-Only-Manuals-IOMs-Items/CMS018912. The regulations generally allow doctors to make verbal orders, but state that they must be dated, timed, and authenticated by an appropriate practitioner.  42 C.F.R. § 482.24(c)(2).

Interpretations in agency manuals warrant deference under *Skidmore v. Swift & Co.*, 323 U.S. 134, 65 S. Ct. 161 (1944), meaning they are entitled to deference to the extent that they have the "power to persuade." *Moore ex rel. Moore v. Reese*, 637 F.3d 1220, 1235 n.26 (11th Cir. 2011) (internal quotation marks omitted) (applying *Skidmore* deference to the CMS Medicaid Manual). *Skidmore* deference to an agency interpretation is dependent upon "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *Skidmore*, 323 U.S. at 140, 65 S. Ct. at 164.

Here, Ziegenfuss has not shown that the Secretary's denial of Medicare Part A coverage on the basis that Margaret did not meet the qualifying three-day inpatient-stay requirement before being transferred to the skilled nursing facility was arbitrary, capricious, an abuse of discretion, contrary to the Social Security Act, or unsupported by substantial evidence. Since Margaret was discharged on December 30th, which is not included in the three-day calculation, she needed to be admitted on December 27th or earlier to have a qualifying three-day stay. But substantial evidence supported the finding that Margaret only stayed at the hospital for two days—from December 28, 2007, to December 30, 2007. All medical records showed that she was admitted on December 28th and discharged on December 30th. The admissions order was signed on the 28th, the transfer order listed admission and discharge dates of 12/28/07 and 12/30/07, and summary records and medication

administration reports listed the admission date as December 28th with the length of stay as two days.  There was no documentation in the record of a physician's verbal order to admit Margaret to the hospital on December 27th to support a finding that she was admitted on that date.  Accordingly, we affirm.

**AFFIRMED.**