[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15506
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 15, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-01628-CV-T-MAP

SAM CURCIO,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 15, 2010)

Before EDMONDSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Sam Curcio, through counsel, appeals the district court's order affirming the

Commissioner of Social Security's denial of his claims for disability insurance benefits and supplemental security income. 42 U.S.C. §§ 405(g), 1383(c)(3). Curcio argues that the administrative law judge erred in relying on the testimony of the vocational expert. Specifically, Curcio argues that the VE's testimony was unreliable because she failed to explain the method she used or to provide the supporting data on which she relied in calculating, out of the category of existing light jobs, the number of existing light jobs that someone with Curcio's limitations could perform. Curcio also argues that the VE improperly included in her estimation jobs that could be performed at a sedentary level of exertion.

I.

We review de novo a district court's judgment reviewing a decision of the Commissioner of Social Security. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007). When, as here, the ALJ denies benefits and the Appeals Council denies review, we review the decision of the ALJ as the Commissioner's final decision. Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). "[W]e review de novo the legal principles upon which the Commissioner's decision is based." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). If the Commissioner's decision is based upon proper legal standards, "[w]e will not disturb [it] if, in light of the record as a whole, it appears to be supported by

2

substantial evidence." Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). "Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

## II.

Generally, a claimant seeking benefits "bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). However, when a claimant shows, as Curcio has, that his impairment prevents him from performing his past relevant work, the burden shifts to the Commissioner to show that, considering the claimant's residual functional capacity, age, education, and work experience, "there is other work available in significant numbers in the national economy that the claimant is able to perform." Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). When, as here, "the claimant cannot perform a full range of work at a given level of exertion or the claimant has non-exertional impairments that significantly limit

3

basic work skills[,] . . . the Commissioner's preferred method of demonstrating that the claimant can perform other jobs is through the testimony of a VE." Jones, 190 F.3d at 1229. For a VE's testimony to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Id.

The ALJ found that:

> [Curcio] has the residual functional capacity to perform light work except that he is limited to no more than two hours of standing or walking in an eight hour day. There are no limitations on sitting, but he does need to wear elastic compression stockings while working. He can occasionally crouch, crawl or stoop but must avoid vibration, climbing ropes, ladders or scaffolds. He must also limit activities that require pushing or pulling with the lower extremities.

The ALJ asked the VE a question concerning a hypothetical claimant with all of Curcio's impairments. In response, the VE testified that someone with Curcio's impairments could not perform Curcio's past relevant work, but that the hypothetical claimant could perform other jobs classified as "light," including small products assembler, wrapping and packing jobs such as poly-packer and heat-sealer, and machine tender. The VE also testified as to the number of positions for each of those jobs existing in the local, state, and national economies that could be performed by someone with Curcio's impairments. The VE twice testified that no inconsistencies or conflicts existed between her testimony and the

4

Dictionary of Occupational Titles ("DOT").

Curcio argues that the VE's testimony does not constitute substantial evidence because it "lacked a proper foundation." Specifically, Curcio argues that the ALJ erred in relying on the VE's testimony because the VE failed to either: (1) explain the method she used in whittling down the total number of the light jobs she listed to reach the number of the listed light jobs that someone with Curcio's impairments could perform or (2) provide supporting data, such as formal market surveys, to back up her testimony.

Curcio's argument lacks merit. Curcio stipulated to the VE's qualifications and did not object to her offering an opinion about the number of jobs existing in the relevant economies. Nor did Curcio offer any evidence controverting the VE's testimony. Instead, after the VE answered the ALJ's hypothetical questions, Curcio's attorney asked her how she reduced the total number of the light jobs she listed to arrive at the number of those jobs a hypothetical claimant with Curcio's impairments could perform. In response, the VE testified that she calculated the reduction according "to rough percentages based on a labor market survey as to how many [people she has] seen standing [and] walking." Curcio's attorney never asked to see the labor market survey and asked no further questions about that aspect of the VE's methodology.

The VE relied on a labor market survey and her experience. Labor market surveys are a type of source on which VE's frequently rely. We have explained that reliance upon such sources makes "a VE's testimony . . . crucial to step 5 of the sequential evaluation process." Jones, 190 F.3d at 1230. Moreover, the Social Security regulations clearly allow that the Commissioner may rely on a VE for her knowledge or expertise. See 20 C.F.R. §§ 404.1560(b)(2), 404.1566(e), 416.960(b)(2), 416.966(e); see also Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required."). In addition to being based on a labor market survey and her experience and expertise, the VE's testimony was also consistent with the DOT. The VE's testimony is therefore substantial evidence, as it is relevant evidence that a reasonable person would accept as adequate to support the conclusion that there is work available in significant numbers in the national economy that Curcio is able to perform. Bloodsworth, 703 F.2d at 1239.

## III.

Curcio also argues that the ALJ erred in relying on the VE's testimony because, he argues, the VE improperly included an unknown number of jobs that could be performed at the sedentary level in her total of existing jobs that someone

with Curcio's limitations could perform. According to Curcio, the VE's inclusion of jobs that could be performed at the sedentary level in her estimate of the total number of existing jobs that Curcio could perform was improper because "a person of [Curcio's] age, education, and work experience would be deemed disabled under the Medical Vocational Guidelines if limited to sedentary work." See 20 C.F.R., Pt. 404, Subpt. P, App. 2, Rules 201.00(g) & 201.14.

That argument suffers from a fundamental flaw. The ALJ found that Curcio could perform a limited range of light work. The VE repeatedly testified that the jobs she identified were light jobs. The VE's classification of the jobs agrees with the classification of those jobs in the DOT, and "[t]he DOT classifies work as 'sedentary,' 'light,' 'medium,' 'heavy,' or 'very heavy,' in accordance with the use of those terms by the [Commissioner]." Gibson v. Heckler, 762 F.2d 1516, 1519 (11th Cir. 1985); see Dept. of Labor, Dictionary of Occupational Titles, §§ 556.685-038 (machine tender), 739.687-030 (small products assembler), 920.686-038 (poly-packer and heat-sealer) (rev. 4th ed. 1991). Because the jobs identified by the VE are classified as light, the VE did not improperly include sedentary jobs in her total of existing jobs that someone with Curcio's limitations could perform.

IV.

The ALJ did not err in relying on the VE's testimony. That testimony

constitutes substantial evidence supporting the ALJ's finding that Curcio can perform occupations with jobs existing in significant numbers in the national economy and that he therefore is not disabled.  See 20 C.F.R. §§ 404.1520(g), 416.920(g).  Accordingly, we affirm.

AFFIRMED.