[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 24, 2010
JOHN LEY
CLERK

_____

No. 10-12267
Non-Argument Calendar

_____

D.C. Docket No. 3:08-cv-01129-MCR

HILDA GRIFFIS,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 24, 2010)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Hilda Griffis appeals a decision that affirmed the denial of her application

for supplemental security income from the Social Security Administration. 42

U.S.C. § 1383(c)(3). Griffis argues that the administrative law judge erred by using the term "moderate" to describe Griffis's functional limitations and posed an incomplete hypothetical to the vocational expert. We affirm.

We review the decision of the Commissioner "'with deference to the factual findings and close scrutiny of the legal conclusions.'" Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007) (quoting Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991)). We review de novo the legal conclusions of the Commissioner, and we treat its findings of fact as conclusive if supported by substantial evidence. Id. Substantial evidence consists of "'relevant evidence [that] a reasonable person would accept as adequate to support a conclusion.'" Id. (quoting Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)).

The administrative law judge did not err by using the term "moderate" to describe Griffis's limitations. Griffis argues that the term was "not sufficiently descriptive" and might have been misunderstood by the vocational expert, but the record does not support Griffis's argument. The administrative law judge defined "moderate" as "able to function satisfactorily," and the vocational expert did not express any confusion or uncertainty about that definition.

The administrative law judge also presented a complete hypothetical to the vocational expert. Griffis argues that the administrative law judge failed to

include in the hypothetical that the claimant had moderate limitations in completing a normal work schedule because of psychological symptoms, but the hypothetical encompassed that limitation and, in fact, presumed the claimant had a more severe limitation. The administrative law judge told the vocational expert that the claimant had a "marked limitation" in "respond[ing] appropriately to work pressures in the usual work setting" and a moderate limitation in "respond[ing] appropriately to changes in [the] routine work setting." Although the administrative law judge omitted from the hypothetical that Griffis was limited in her ability to work at a consistent pace without an unusual number and length of rest periods, that omission was, at most, harmless error. Because the administrative law judge found that Griffis had "moderate difficulties" and could "function satisfactorily" at her pace, the omission of the limitation about her work pace and rest periods would not have changed the testimony of the vocational expert.

The denial of Griffis's application for supplemental security income benefits is **AFFIRMED**.