[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 21, 2011
JOHN LEY
CLERK

No. 10-13228
Non-Argument Calendar
_____

D.C. Docket No. 6:09-cv-01289-MSS-DAB

JAMES G. WERNER,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 21, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

James G. Werner appeals the district court's order affirming the

Commissioner's denial of his application for Social Security Disability Insurance

Benefits ("DIB"), 42 U.S.C. § 405(g), and Supplemental Security Income ("SSI") benefits, 42 U.S.C. § 1383(c).[1]  After a hearing, the Administrative Law Judge ("ALJ") found Werner had some severe impairments but that these impairments did not rise to the level of a qualifying listed disability.  The ALJ further determined that Werner was capable of performing the "full range of light work," and so could perform jobs that existed in the national economy.  Thus, Werner was found ineligible for DBI and SSI.  Despite Werner's submission of new evidence, the Social Security Appeals Council denied his request for review.

On appeal, Werner first argues that the ALJ and the Appeals Council failed to apply the correct legal standards in assessing the impact of his medication side effects on his ability to work.  Specifically, he asserts that the ALJ made an impermissible "negative inference" by noting the lack of evidence showing that he had previously complained of such side effects to his physicians.  Further, he contends that, in denying Werner's request for review, the Appeals Council erred by failing to clearly identify what weight it accorded to the pharmacy sheets and

---

[1] We review the Commissioner's DIB and SSI decisions to determine if they are supported by substantial evidence.  *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1158 (11th Cir. 2004); 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  We do not "decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]."  *Id.*

excerpts from the *Physician's Desk Reference* that he submitted as additional evidence.

Second, Werner argues that both the ALJ and the Appeals Council erred in finding that his allegations of disabling pain in his arms, legs, and neck were "not entirely credible," because the evidence showed that his underlying medical conditions could be reasonably expected to produce such pain. Third, he contends that the ALJ also erred by relying exclusively on the Medical Vocational Guidelines (the "grids"), rather than the testimony of a vocational expert, to determine that he was capable of performing other jobs in the national economy. Fourth and finally, he asserts that the Appeals Council failed to give appropriate weight to the fact that the Florida Division of Vocational Rehabilitation ("Florida DVR") classified him as "significantly disabled."

An individual claiming Social Security disability benefits must prove that he is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). "The Social Security regulations provide a five-step sequential evaluation process for determining if a claimant has proven that [he] is disabled." *Id.* at 1228. A claimant must show that:

(1)   he is not performing substantial gainful activity;
(2)   he has a severe impairment;

3

(3)    the impairment or combination of impairments meets or equals an impairment listed in the regulations;

(4)    he cannot return to past work;

(5)    he cannot perform other work based on his age, education, and experience.

*Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  For purposes of step five, the regulations classify jobs into various categories based on the amount of physical exertion that they require.  *See* 20 C.F.R. §§ 1567, 416.967.  One of these categories, "light work," is defined as

> involv[ing] lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

20 C.F.R. §§ 404.1567(b), 416.967(b).  If someone can perform light work, they also are considered capable of performing sedentary work which entails lifting no more than ten pounds at a time, and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  *Id.*; 20 C.F.R. §§ 404.1567(a), 416.967(a).

## I. Medication Side Effects

Werner first claims that both the ALJ and the Appeals Council failed to adequately consider his testimony about symptoms resulting from medication side

effects. The ALJ considered Werner's testimony and found it simply inconsistent with the objective medical evidence. In determining whether a claimant's symptoms limit his capacity to work, the ALJ will consider "the extent to which [such] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). Further, a claimant's failure to report side effects to his physicians is an appropriate factor for the ALJ to consider in evaluating whether a claimant's alleged symptoms are consistent with the record. *See Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990). Substantial evidence supported the ALJ's conclusion that Werner was capable of performing light work, because he lived alone and performed basic household activities, and had undergone only a moderate course of treatment for his ailments. Accordingly, the record shows no reversible error in the ALJ's consideration of testimony about alleged side effects from the medication.

Nor did Werner's submission to the Appeals Council of new evidence of the side effects generally associated with his medications present a reason to doubt the

ALJ's conclusion.[2]  Mere lists of potential side effects do not establish that a claimant in fact experienced such side effects.

## II. Subjective Pain Testimony

Werner also claimed that the pain from his medical conditions was so debilitating that he could not perform the full range of light work, and he now claims on appeal that ALJ improperly discredited his testimony about his pain.  "If proof of disability is based upon subjective evidence and a credibility determination is, therefore, critical to the decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) (citation and quotation marks omitted).  Here, substantial evidence cited by the ALJ supports the adverse credibility determination.  Werner's descriptions of his pain were inconsistent with reports from his treating and examining physicians, which showed that he had a full range of motion in his arms and legs and was capable of doing light work.  His description of his pain was also inconsistent with his own testimony concerning his daily activities.  The question is not, as Werner

---

[2] The Appeals Council considers the entire record, including the new evidence, and "will then review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b).  Thus, "a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007).

suggests[3], whether ALJ could have reasonably credited his testimony, but whether the ALJ was clearly wrong to discredit it. The record reveals no reversible error in the ALJ's finding. Finally, the new evidence submitted to the Appeals Council was cumulative of other record evidence and so did require further review.

### III. Reliance on the "Grids" Instead of Vocational Expert

Having found that Werner was unable to perform his past work in construction, the ALJ relied on the Medical-Vocational Guidelines, or "grids," to determine that Werner could perform other work. In a disability determination, once a claimant proves that he can no longer perform his past relevant work, "the burden shifts to the Commissioner to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Jones*, 190 F.3d at 1229. One way for the Commissioner to carry this burden is through an application of the "grids." *See* 20 C.F.R. Pt. 404, subpt. P, app. 2. The grids provide an algorithm to determine a claimant's ability to engage in employment other than their past work based on factors such as a person's age,

---

[3] Werner argues that because the ALJ found his conditions could reasonably be expected to cause the pain he described, the ALJ could not discredit the testimony. But Werner incorrectly assumes that meeting the threshold "pain standard" for *considering* subjective testimony on pain is the end of the inquiry. *See Foote*, 67 F.3d at 1560 (Commissioner "must consider a claimant's subjective testimony of pain" if claimant meets the "pain standard").

education, previous employment, and maximum physical capabilities. *Gibson v. Heckler*, 762 F.2d 1516, 1520 (11th Cir. 1985).

In determining whether exclusive reliance on the grids is appropriate, the ALJ must first categorize the claimant's impairments as either exertional or nonexertional. *See, e.g.*, *Phillips*, 357 F.3d at 1241-43. Exertional impairments affect an individual's ability to meet the seven strength demands of the job: sitting, standing, walking, lifting, carrying, pushing, and pulling. *Id.* at 1241 n.11. Nonexertional impairments affect an individual's ability to meet other work-related demands, and include limitations such as pain, medication side effects, and depression. *Id.*; *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986). An ALJ may rely exclusively on the grids when each factor used in the determination describes the claimant's situation, and when the case involves only exertional impairments. *Foote*, 67 F.3d at 1559. In contrast, if the claimant has a nonexertional impairment that limits a wide range of work at a given level, the ALJ is required to consult a vocational expert. *Id.*

Here, substantial evidence in the medical record supported the determination that Werner's non-exertional impairments—depressive disorder and pain disorder—did not cause more than a minimal limitation to his ability to work. The ALJ also cited substantial evidence that Werner's exertional impairments did

not limit a wide range of light or sedentary work.  Thus, there is no reversible error in the ALJ's use of the grids in place of a vocational expert.

## IV. Deference to Another Agency's Disability Determination

Finally, Werner claims that the Appeals Council improperly disregarded a disability determination from the Florida DVR in denying review.  Findings of disability by other agencies are generally entitled to "great weight."  *Bloodsworth*, 703 F.2d at 1241.  However, regulations provide that the Commissioner must ultimately make its disability determination based on social security law, not the rules of other agencies.  20 C.F.R. §§ 404.1504, 416.904.  Accordingly, the findings of other agencies are not binding on the Commissioner.  *Id.*; *see also Bloodsworth*, 703 F.2d at 1241.

Here, the Appeals Council explicitly stated that it considered the letter from the Florida DVR and found that it did not provide a basis for disturbing the ALJ's decision.  Further, the letter did not controvert the substantial evidence on which the ALJ relied because it showed only that Werner was entitled to second priority in receiving vocational rehabilitation services due to the fact that the agency classified him as "significantly disabled."  Werner failed to submit any evidence of what the term, "significantly disabled," meant when used by the Florida DVR.  Nor did he present any evidence that the term was inconsistent with the ALJ's

finding that Werner had impairments that prevented him from performing his past work, but which did not prevent him from performing light or sedentary work—the relevant criteria for the ALJ's decision. *But cf. Falcon v. Heckler*, 732 F.2d 827 (11th Cir. 1984) (holding that similarity between Florida workers compensation disability law and Social Security disability law require that the ALJ give great weight to the Florida determination). Nor does Werner cite any authority on appeal to indicate the significance of the Florida DVR's determination. Without further evidence showing that the Florida DVR uses criteria similar to the relevant regulations for DIB and SSI determinations, the letter was insufficient to call the ALJ's decision into question.

Accordingly, we affirm on all claims.

**AFFIRMED**.