[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 9, 2011
JOHN LEY
CLERK

_____

No. 11-10686
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cv-00802-B


MATTIE ANN COLEMAN,
for J.K.C.,

                                                    Plaintiff-Appellant,

                          versus

COMMISSIONER OF SOCIAL SECURITY,

                                                    Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 9, 2011)

Before EDMONDSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Mattie Coleman appeals the district court's order affirming the Commissioner of Social Security's denial of an application for supplemental security income that she filed on behalf of her minor son, J.K.C. 42 U.S.C. § 1383(c)(3). Coleman raises three arguments on appeal. First, she asserts that the record does not support the Administrative Law Judge's ("ALJ") findings that J.K.C. was not markedly limited in his ability to acquire and use information, his ability to attend and complete tasks, or his ability to interact and relate to others. She contends that the ALJ's decision violated Social Security Ruling ("SSR") 98-1p. Second, Coleman argues that the ALJ erred by failing to consider the cumulative effect of all of J.K.C.'s impairments. Finally, Coleman asserts that the Appeals Council should have remanded her case so that the ALJ could consider a new psychological report prepared after the ALJ's initial decision. She argues that the Appeals Council's decision not to remand was contrary to SSR 82-54.

I.

We review the Commissioner's factual findings to determine whether they are supported by substantial evidence. *Ingram v. Comm'r of Social Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). In

2

reviewing the Commissioner's decision, we do not "decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." *Id.*

A child under the age of 18 is considered disabled if he has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382c(a)(3)(C)(i); 20 C.F.R. § 416.906. The Social Security regulations establish a three-step process for determining whether a child is disabled. 20 C.F.R. § 416.924(a). Under the first step, the ALJ considers whether the child has engaged in any substantial gainful activity. *Id.* At step two, the ALJ considers whether the child has an impairment or combination of impairments that is severe. *Id.* At step three, the ALJ must decide whether the child's impairment meets, medically equals, or functionally equals a listed impairment. *Id.*

In determining whether an impairment functionally equals a listed impairment, the ALJ must consider the child's ability to function in six different "domains": (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) "caring for yourself;" and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). If the child has "marked" limitations in two of these

3

domains, or an "extreme" limitation in any one domain, then his impairment functionally equals the listed impairments, and he will be found to be disabled. *Id.* § 416.926a(d). A "marked" limitation is one that seriously interferes with the child's ability to initiate, sustain, or complete activities. *Id.* § 416.926a(e)(2)(i). An extreme limitation is one that "very seriously" interferes with the child's ability to initiate, sustain, or complete activities. *Id.* § 416.926a(e)(3)(i).

Relevant to this appeal, the domain of acquiring and using information measures the child's ability to learn. *See* 20 C.F.R. § 416.926a(g). One consideration is whether the child is able to use language to communicate ideas. *See* 20 C.F.R. § 416.926a(g)(iii) and (iv) (noting that preschool-age children should be able to use language to communicate, and school-age children should be able to discuss topics such as history and science). Under the domain of attending and completing tasks, the ALJ must evaluate whether the child is able to focus and maintain attention on the task at hand, and whether the child is able to begin, carry through, and finish his activities. 20 C.F.R. § 416.926a(h). Under the domain of interacting and relating with others, the ALJ considers how well the child initiates and sustains emotional connections with others, develops and uses language skills, cooperates with others, complies with rules, responds to criticism, and respects and takes care of the possessions of others. 20 C.F.R. § 416.926a(i).

4

Moreover, under SSR 98-1p, a child with marked limitations in his cognitive functioning and speech is considered to have a combination of impairments that medically equals Listing 2.09, the adult listing dealing with speech impairments. *See* SSR 98-1p. A child has a marked limitation in his cognitive functioning if his score on standardized intelligence tests is two or more standard deviations below the norm for that test. A child is markedly limited in his ability to speak if he is intelligible no more than one half to two thirds of the time. *See id.*

Here, substantial evidence supports the ALJ's finding that J.K.C. was not markedly limited in his ability to acquire and use information. Although J.K.C. had some speech problems, the record shows that his communication skills improved over time. J.K.C. did have some problems with reading and math, but on the whole, the record supports the ALJ's conclusion that J.K.C. was not markedly limited in his ability to learn.

The record also supports the ALJ's finding that J.K.C. had no limitation in his ability to attend and complete tasks. Although J.K.C. had some difficulty completing tasks correctly during his first year of kindergarten, by the following year, his teacher reported that he was able to finish his work on time. In her own testimony, Coleman did not describe any specific problems with J.K.C.'s focus or

concentration. The ALJ's conclusion that J.K.C. was not limited in this area was consistent with the findings of the state agency medical consultants.

In addition, substantial evidence supports the ALJ's finding that J.K.C. did not have a marked limitation in his ability to interact and relate with others. Although J.K.C. had a speech problem, his ability to communicate improved over time. J.K.C. played with other children in his neighborhood, got along well with his classmates and family, and did not have any specific behavioral problems. J.K.C.'s kindergarten teacher reported that his social skills were improving. Finally, SSR 98-1p did not apply to this case because J.K.C. was not markedly limited in his cognitive functioning or his ability to speak. Thus, we affirm as to this issue.

## II.

Under the Social Security regulations, an ALJ must consider the cumulative effect of all of claimant's impairments in determining whether he is disabled. *Jones v. Dep't of Health and Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991). A reference to the claimant's "combination of impairments" is adequate to demonstrate that the ALJ considered the cumulative effect of the claimant's impairments. *Id.* (quotation and emphasis omitted); *Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002).

The ALJ's finding that J.K.C. had a severe impairment or combination of impairments that did not meet or equal a listed impairment sufficed to show that the ALJ considered the cumulative effect of all of J.K.C.'s impairments. Thus, Coleman has failed to demonstrate error with respect to this issue.

III.

A claimant may present new evidence during any stage of a Social Security proceeding. *See* 20 C.F.R. § 404.900(b). "The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Ingram*, 496 F.3d at 1261 (quoting 20 C.F.R. § 404.970(b)). The Appeals Council may deny review if the new evidence does not show the ALJ's decision to be erroneous. *See id.* at 1262. Notably, SSR 82-54, which described the standardized test requirements for evaluating disability in mental retardation cases, has been rescinded as obsolete. Notice of Rescission of Social Security Ruling (SSR) 82-54, Titles II and XVI: Mental Deficiency — Intelligence Testing, 58 Fed. Reg. 16,545, 16,546 (Mar. 29, 1993).

The Appeals Council was not required to grant review of Coleman's case or to remand to the ALJ for further proceedings because the new psychological report does not establish that the ALJ's decision was erroneous. The report indicated that J.K.C. had borderline low-end intelligence, but it did not establish that he was markedly limited in his ability to learn and acquire new information. Moreover, Coleman failed to establish error with respect to the ALJ's compliance with SSR 82-54 because that ruling has been rescinded. Accordingly, we affirm as to this issue.

## Conclusion

After review of the record and the parties' briefs, we affirm the Commissioner's denial of benefits.

**AFFIRMED.**