[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12358
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:09-cv-02163-MAP


REGINALD BRYANT,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 4, 2012)

Before EDMONDSON, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Reginald Bryant appeals the district court's order affirming the Commissioner of Social Security's denial of his application for supplemental security income, 42 U.S.C. § 1383(c)(3). On appeal, Bryant argues that the Administrative Law Judge ("ALJ") erred in finding that he could perform work that existed in the national economy, because the ALJ should not have given any weight to the unreliable testimony of the Vocational Expert ("VE"). After thorough review, we affirm.

We review the Commissioner's factual findings to determine whether they are supported by substantial evidence. Ingram v. Comm'r of Social Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). In reviewing the Commissioner's decision, we do not "decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." Id. The Commissioner's legal conclusions are reviewed de novo. Ingram, 496 F.3d at 1260.

The Social Security regulations establish a five-step sequential process for determining whether a claimant is disabled. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). Under the first two steps, the claimant must demonstrate that he has not engaged in substantial gainful activity and has a severe impairment or combination of impairments. Id. Under the third step, if the claimant can prove that

his impairment meets or equals a listed impairment, he is automatically found to be disabled. Id. Otherwise, the claimant must move to the fourth step and prove that he is not able to perform his past relevant work. Id. "At the fifth step, the burden shifts to the Commissioner to determine if there is other work available in significant numbers in the national economy that the claimant is able to perform." Id. "If the Commissioner can demonstrate that there are jobs the claimant can perform, the claimant must prove [he] is unable to perform those jobs in order to be found disabled." Id. One way in which the ALJ may determine whether the claimant is able to perform other work is by posing hypothetical questions to a VE. Id. at 1229. The Social Security regulations provide that an ALJ may rely upon a VE's knowledge or expertise. See 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2); see also Jones, 190 F.3d at 1230 (explaining that a VE's testimony is "crucial to . . . step 5 of the sequential evaluation process" because the VE can supplement the Dictionary of Occupational Titles ("DOT") with additional information gleaned from his experience with employers and from literature such as census reports).

In this case, the ALJ properly credited the VE's testimony that Bryant could perform other work that existed in the national economy. The VE testified that Bryant had the functional capacity to perform the jobs of small products assembler, merchandise marker, and final inspector. Although Bryant argues that those three

positions are sedentary in nature,[1] they are classified as light work in the DOT, <u>see</u> DOT §§ 739.687-030, 209.587-034, 727.687-054 (4th ed., revised 1991), and the VE testified that they typically are performed at the light exertional level in the national economy. Therefore, the ALJ properly viewed those jobs as light work positions.

Bryant's argument that the VE failed to explain adequately how she reduced the number of positions to account for his functional limitations also lacks merit. The VE testified that she based her reductions on census figures, state information, labor market surveys, and job analyses. Given that information, she arrived at an "approximate percentage" of jobs that an individual with Bryant's functional limitations would be able to perform. Thus, the record reflects that the VE had a reasoned basis for the figures at which she arrived. The Social Security regulations provide that an ALJ may rely on a VE's knowledge and expertise, and they do not require a VE produce detailed reports or statistics in support of her testimony.

Because a reasonable person would accept the VE's testimony as being adequate to support a conclusion that Bryant is able to perform other work that exists

---

[1] Bryant argues that the only jobs identified by the vocational expert ("VE") as ones he could perform were unskilled <u>sedentary</u> jobs because Medical-Vocational Grid Rule 201.12 would require the Commissioner to find Bryant disabled if he was an individual approaching advanced age with no transferable skills who was limited to sedentary work.

in the national economy, the ALJ's Step Five findings are supported by substantial evidence. Accordingly, we affirm the Commissioner's denial of benefits.

**AFFIRMED.**